JOHN AYERS v. THE STATE.

No. 1097.    Decided May 24, 1911.

1.—Murder—Continuance—Special Venire—Motion for New Trial.

Where a case is reversed on other grounds, the question of continuance, special venire and motion for new trial is not discussed.

2.—Same—Charge of Court—Self-Defense—Threats—Standpoint of Defendant.

Where the question of self-defense based upon threats is submitted from the standpoint of the jury, and not from that of defendant, the same was error.

3.—Same—Evidence—Confession—Warning.

Where, upon trial of murder, the written confession of the defendant did not show upon its face that it was made to the party who gave the warning, the same was inadmissible in evidence. Following Robertson v. State, 54 Texas Crim. Rep., 21, and other cases.

Appeal from the District Court of Grayson. Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of murder in the second degree; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*Joseph L. Cobb* and *Cox & Cox,* for appellant.—On question of admitting written confession and warning: Knight v. State, 55 Texas Crim. Rep., 243, 116 S. W. Rep., 56; Knuckles v. State, 55 Texas Crim. Rep., 6, 114 S. W. Rep., 825, and cases cited in the opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the second degree, his punishment being assessed at twenty years confinement in the penitentiary.

There are quite a number of interesting questions suggested for revision, but as the record is presented to us we deem it unnecessary to discuss all of them.

1. The matters with reference to continuance, manner of drawing and summoning the special venire, and incidental matters in connection with the motion for new trial, will not occur upon another trial

as this record discloses them. Therefore, we pretermit a discussion of those questions.

2. Sections 27 and 28 of the court's charge are criticised in regard to self-defense as presented from the standpoint of threats. It occurs to us that this phase of the law as given by the court is subject to some criticism, in that it leaves the matter to be decided by the jury as to whether threats and demonstrations were made, and not as to how defendant viewed the matter at the time of the occurrence. It is not what the jury may believe at the time of the trial in the light of the case as then presented, but what the accused believed at the time he acted. The latter is the criterion. Upon another trial this phase of the law should be presented entirely from the standpoint of defendant and not from the viewpoint of the jury at the time of the trial.

3. There is a serious question in the case, and one that unquestionably requires a reversal. What purports to be a written confession of appellant was introduced before the jury over his objection. The document reads as follows:

"Sherman, Texas, July 9, 1909.

"I, John Ayers, have this day and at this time been warned by C. T. Freeman that I am charged with the murder of Homer Hale, and that, first, I do not have to make any statement at all, and, second, any statement that I may make may be used in evidence against me upon my final trial for the offense concerning which the confession is herein made." Then follows the confession, which is unnecessary to be set out.

This confession was sought to be taken in accordance with the Act of the Thirtieth Legislature, page 219, and as amended is the present article 790 of the Code of Criminal Procedure. It reads as follows:

"The confession shall not be used if at the time it was made the defendant was in jail or other place of confinement, nor while he is in the custody of an officer, unless made in the voluntary statement of the accused taken before an examining court in accordance with law, or be made in writing and signed by him, which written statement shall show that he has been warned by the person to whom the same is made," etc.

Among other objections to this document is that the confession does not purport to show, nor attempt to state, to whom the statement was made. In order that this instrument may be admissible, it should show that the statement was made to the party who gave the warning. It nowhere attempts to do so. This question came up directly in the case of Robertson v. State, 54 Texas Crim. Rep., 21. Appellant's contention here was affirmed to be the law in the opinion in that case. This doctrine was reaffirmed in Jenkins v. State, 60 Texas Crim. Rep., 236, 131 S. W. Rep., 543, and again

·in Henzen v. State, and Burton v. State, decided at the present term of the court.

After what has been said by the court in those opinions, we deem it unnecessary to further elaborate the question. For this reason the judgment will be reversed and the cause remanded.

As before stated, without entering into a review of the other questions, a discussion of them is pretermitted, because they will or may not occur upon another trial, and especially in the manner in which they occurred upon this trial; a continuance may not be sought, and if so it will be a second application, the special venire and the manner of selecting it may not be subject to the same criticism, and the matters complained of in the motion for a new trial will hardly occur again.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*