## H. Henzen v. The State.

### No. 491. Decided May 17, 1911.

1.—Theft of Cattle—Evidence—Written Confession—Warning—Words and Phrases.

Under article 790, Code Criminal Procedure, as amended by the Thirtieth Legislature, Act 1907, it is required that the confession be made in writing and signed by the defendant, and must show on its face that he had been warned by

the person to whom the confession was made, and the words "by the person to whom the same is made" can not be eliminated, as the plain import of the language of the Act forbids this. Following Jenkins v. State, 60 Texas Crim. Rep., 236. Harper, Judge, dissenting.

**2.—Same—Evidence—Accomplice—Declarations of Third Parties.**

Where the State introduced testimony that the accomplice came to State's witness, in the absence of the defendant, and sold him some calves' hides resembling the hides of the alleged stolen animals, and afterwards, in the absence of the defendant, took them back from witness, and the bill of exceptions on appeal showed that this testimony was properly connected up with the defendant, there was no error.

**3.—Same—Charge of Court—Accomplice Testimony.**

Where the charge of the court on the subject of accomplice testimony was in strict conformity to precedent, there was no error. Following Campbell v. State, 57 Texas Crim. Rep., 301, and other cases.

Appeal from the District Court of McLennan. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Williams & Williams,* for appellant.—On the question that the confession must be freely made: Walker v. State, 2 Texas Crim. App., 326; Cain v. State, 18 Texas, 387; Greer v. State, 31 Texas, 129; Musgrave v. State, 28 Texas Crim. App., 57; Williams v. State, 19 Texas Crim. App., 278; Thomas v. State, 35 Texas Crim. Rep., 178.

On the question that the warning must be made by the person to whom the confession is made: Young v. State, 54 Texas Crim. Rep., 417, 113 S. W. Rep., 276, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was indicted, tried and convicted for cattle theft and given a term of two years in the penitentiary.

There are but three questions necessary to be decided on this appeal. The first is shown by appellant's two bills of exception complaining that the lower court erred in admitting in evidence, over his objection, the two statements or confessions signed by the appellant. The first of these is as follows:

"Waco, Texas, March 27, 1909.

"My name is H. Henzen. I have been advised by the county attorney that I was charged with stealing calves, and that I did not have to make any statement about it unless I desired to do so, and that any statement I might make could be used against me in trial of my case, make the following statement." Then follows the balance of the statement or confession, which is copied in the bill of

exceptions, in haec verba and is shown by quotation marks, including the signature of the appellant Henzen. There is nothing further in the confession to show who gave the warning, nor to whom the confession was made. It does not show that any person signed it as a witness, as witnesses' signatures are uniformly signed. The bill states many grounds of objection to the introduction of it. We need notice but one, which is, "that the same was not taken in conformity with, and did not comply with the statute rendering it admissible; that said statement did not show on its face and as a part of said written statement the name of the person who warned the said Henzen and did not show to whom said statement was made."

The bill further shows that the defendant was under arrest and in the custody of an officer at the time the statement or confession was made. The court, in approving the bill, qualified it by stating: "That the confession of the defendant in the opinion of the court showed that the defendant was warned by Pat M. Neff, the county attorney, and on its face it appeared that he witnessed the same and that this was equivalent to and showed that the statement was made to Pat M. Neff, the Co. Atty." We do not understand by this qualification that the judge intended to state that the said statement or confession had anything other or further therein, or thereon than is quoted, as stated above, in the bill, but that to the mind of the court, as Mr. Neff was county attorney, and testified the statement was made to him, that was equivalent to his signing the paper on the face of it as a witness. His *name* nowhere appears in or on the confession as a witness or otherwise.

The other statement or confession which was admitted in evidence, over defendant's objection, is as follows:

"My name is H. Henzen, and I have been warned by Pat M. Neff, the county attorney, that I was charged with stealing some calves, and that I did not have to make any statement about the matter unless I desired to do so, and that any statement I might make may and could be used against me in the trial of my case, should I be indicted, willingly make the following statement." Then follows the balance of the confession proper. At the bottom it is thus dated and signed:                    "March 27, 1909.

(Signed)  Hubert Henzen."

"Witnesses: .
    Pat M. Neff,
    J. C. Walton."

There is nothing further in the confession which shows to whom it was made.

This bill also shows that the said statement or confession was made while the defendant was under arrest and in the custody of an officer. The court approved this bill with the qualification:

"That on the face of the confession or statement of the defendant

it appeared that the statement was made after being warned by Pat M. Neff, the county attorney, and that he witnessed the same, and in the opinion of the court the face of the confession showed that the statement was made to Pat M. Neff, the county attorney, and he witnessed the same and so did J. C. Walton."

Prior to the amendment of article 790 of the Code of Criminal Procedure, enacted in 1907, p. 219, articles 789 and 790, were as follows: "Art. 789. The confession of defendant may be used in evidence against him if it appear that the same was freely made without compulsion or persuasion, under the rules hereafter prescribed.

"Art. 790. The confession shall not be used if at the time it was made the defendant was in jail or other place of confinement, nor while he is in the custody ·of an officer, unless such confession be made in the voluntary statement of the accused, taken before an examining court in accordance with law, or be made voluntarily after having been first cautioned that it may be used against him, or unless in connection with such confession he make statement of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or instrument with which he states the offense was committed."

It will be seen by this old article 790 that the *oral or verbal* confession of the defendant when confined or in custody of an officer was admissible if certain requisites were shown to have been complied with. It will also be seen thereby that it is not stated who shall give the caution or warning, nor to whom the confession shall be made. It had, in effect, been held by this court uniformly that the caution or warning could be given by anyone. It had also been uniformly held by this court that the confession need not be to the same person who gave the warning; that the warning or caution could be given by one and the confession made to another. Hamlin v. State, 39 Texas Crim. Rep., 579; Martin v̇. State, 41 S. W. Rep., 620; Maddox v. State, 41 Texas, 205. From the reported cases and the known practice these claimed verbal confessions were the subject of much controversy. Usually the person who claimed that the confession was made was either a peace officer, the district or county attorney, or the magistrate of the lower court—justice of the peace. The defendant would deny and swear that no confession was made, or if so, no warning given. It also appears that this court was called upon frequently to comment upon such matters and to hold that confessions were to be received with great caution. As stated by Mr. Bishop:

"The interpreter should consider and take into the account what was the law before, which Coke says is 'the very lock and key to set open the windows of the statute;' the mischief against which the law did not provide; the nature of the remedy proposed, and the true reason of the remedy. It has been said that we may learn the mischief 'from our knowledge of the state of the law at the time, and

of the practical grievances generally complained of." Bishop on Stat. Crimes, sec. 82.

The Legislature, to prevent such uncertainty and controversies, deemed it wise, which it had the power and authority to do, not only to add another requisite to the warning, but to absolutely prohibit any confession made by defendant while under arrest, or confined, from being admitted in evidence, unless "made in writing and signed by him." It thereupon, in lieu of article 790, which had been the law many years, amended and enacted the said article as follows:

"The confession shall not be used if at the time it was made the defendant was in jail or other place of confinement, nor while he is in the custody of an officer, unless made in the voluntary statement of the accused taken before an examining court in accordance with law, or be made in writing and signed by him, which written statement shall show that he has been warned by the person to whom the same is made: First, that he does not have to make any statement at all. Second, that any statement made may·be used in evidence against him on his trial for the offense concerning which the confession is therein made, or unless in connection with said confession, he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed; provided, that where the defendant is unable to write his name and sign the statement by making his mark, such statement shall not be admitted in evidence, unless it be witnessed by some person other than a peace officer, who shall sign the same as a witness."· Acts of 1907, p. 219.

Now, as the Legislature, by the enactment of said new article, required that confessions *in writing only* should be admissible, and thereby prohibited *any verbal* statement or confession from being admitted, it is but reasonable to conclude that the Legislature intended that the *whole* of the confession, and not a *part* of it only, should be in writing.

There are many rules for the interpretation of statutes. They have all been adopted, and are applied solely for the purpose of determining what was the intention of the Legislature. One of them is that where the language and words used are clear and explicit, no interpretation is needed or can be employed. Another is that so long as the language used is unambiguous, a departure from its natural meaning is not justified by any consideration of its consequences or of public policy. It is the plain duty of the court to give it force and effect, and that words in common use are to be construed in their natural, plain and ordinary signification. 36 Cyc., 114. Another is, "every word and clause should, if possible, have assigned to it a meaning, leaving no useless words." Bishop on Crim. Stat., section 82. All the authorities are to the same effect.

The Act of 1907, in plain and unequivocal language says that a

confession of the defendant shall not be used in evidence when made while under arrest or in custody, unless "made in writing and signed by him, *which written statement shall show that he has been warned by the person to whom the same is made.*" We can not assent to the contention that the language of this Act, "which written statement shall show that he has been warned by the person to whom the same is made," shall be so construed 'as that the latter words *"by the person to whom the same is made"* shall be eliminated therefrom and held to mean and say nothing. The Legislature had the power to say to whom such confession should be made as well as it had the power and authority to say that the confession itself "shall show" that it was made to the person who gave the warning. This is no technical construction of this Act, but is in accordance with "the plain import of the language in which it is written" as the statute itself requires. Penal Code, article 9.

It is not sufficient to say that because the statement shows who gave the warning in the face of it, and then at the bottom it is witnessed by that person, that that meets the requirements of this Act and the clear intent of the Legislature.

If that claimed construction should prevail, then in effect and actually these words therein, "which written statement shall show that he has been warned by the person to whom the same is made" would necessarily be given no meaning, and would be worse than useless. This language is so clear and plain, and is so easily complied with, that we think it should and must be complied with to carry out the clear and unequivocal intent of the law. Thus, both the statements above noted should have said: "I have been warned by Pat M. Neff, the county attorney, the person to whom this statement is made. . . ."

This question is discussed in the able and clear opinion of Judge McCord in the Jenkins case, and it is unnecessary for us to further do so.

We, therefore, approve the decision in the case of Jenkins v. State, 60 Texas Crim. Rep., 236, 131 S. W. Rep., 542, and the other cases deciding the same thing, therein cited and approved. So that we hold the admission in evidence of these confessions was error.

2. Another bill by the appellant shows that he objected to the testimony of the witness J. T. Duncan to the effect that the accomplice, Bybee, who was permitted to turn State's evidence and testify as a witness for the State, came to him, said Duncan, in the absence of the defendant, and sold to him, Duncan, who was then and there the manager of a hide house, three calves' hides, two of which, in a general way, resembled the hides of the alleged stolen animal, and that in about forty minutes came back, still by himself, and in the absence' of the defendant, and said that he wanted two of those hides he had sold witness, and that the witness gave them to him, and said Bybee then took the two hides, resembling the hides of the stolen cattle, and left; that said Bybee stated to said witness that he was

not satisfied with the weights of the hides as given by the witness, but that he, Bybee, made no complaint of the weight at the time the hides were sold. The appellant objected to this evidence on the ground that it was hearsay and improper, prejudicial to the rights of the appellant and that no act or declaration of one codefendant, accomplice or coconspirator, is admissible against the other after the consummation of the alleged offense, except the same be done and said in the presence of the defendant. The bill further shows that when this testimony was first offered the court indicated that it was inadmissible unless the defendant was connected with it in some way. The county attorney thereupon announced that he would connect it up, and the court thereupon admitted the testimony, and qualified the bill as follows: "Said testimony was connected up not only with the statement made by the defendant, but by the testimony of the witness Bybee." How or in what way it was connected up the bill does not show, but being allowed with that qualification we take it that the court's qualification was true and that the testimony was so connected. Such connection could have been made by showing that Bybee was in the employ or the agent of the appellant and was authorized to sell and to procure the return of the said hides and to make the statements testified to by Duncan. 3 Ency. of Ev., p. 422; Wharton Crim. Ev., sec. 695. Also that not only the sale of the hides to the witness, but the return of them to Bybee was done for the purpose of escaping detection and also as showing that the conspiracy formed between the appellant and Bybee was still incomplete. Barber v. State, 69 S. W., 515; O'Neal v. State, 14 Texas Crim. App., 582; 3 Ency. Ev., p. 433, and authorities there cited. So that there is no error shown by this bill as it is presented to us.

3. Appellant also complains of the charge of the court on the subject of accomplice on several grounds. This charge was in strict conformity to the form laid down by this court on that subject in the case of Campbell v. State, 57 Texas Crim. Rep., 301, which was expressly approved in Brown v. State, 57 Texas Crim. Rep., 570, and King v. State, 57 Texas Crim. Rep., 363; Grant v. State, 132 S. W. Rep., 351.

It is unnecessary to discuss any other questions in this case.

For the error in the admission of the purported confessions the judgment in this case is reversed and cause remanded.

*Reversed and remanded.*

HARPER, Judge (dissenting).—In this case is presented the question: What must the confession show on its face, under article 790 of the Code of Criminal Procedure, as amended by the Act of the Thirtieth Legislature, which is as follows:

"Art. 790. The confession shall not be used if at the time it was made the defendant was in jail or other place of confinement, nor while he is in the custody of an officer, unless made in the voluntary

statement of the accused taken before an examining court in accordance with law, or be made in writing or signed by him, which written statement shall show that he has been warned by the person to whom the same is made: First, that he does not have to make any statement at all. Second, that any statement made may be used in evidence against him on his trial for the offense concerning which the confession is therein made, or unless in connection with said confession he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed; provided, that where the defendant is unable to write his name and sign the statement by making his mark, such statement shall not be admitted in evidence unless it be witnessed by some person other than a peace officer, who shall sign the same as a witness."

Under this article in the case of Jenkins v. State, 60 Texas Crim. Rep., 236, 131 S. W. Rep., 543, a majority of the court held that not only must the instrument be in writing and show that he was warned, first, that he does not have to make any statement at all; second, that any statement made may be used in evidence against him on his trial for the offense concerning which the confession is made, but that the written instrument must also show the name of the person giving the warning, and must contain the words that "the confession was made to such person," and in terms overruled the cases of Knight v. State, 55 Texas Crim. Rep., 243; Knuckles v. State, 55 Texas Crim. Rep., 6; also construing the cases of Robertson v. State, 54 Texas Crim. Rep., 21, and Young v. State, 54 Texas Crim. Rep., 417. The opinion of the majority of the court hold in this case the law to be as laid down in the Jenkins case.

Judge Ramsey, in an able dissenting opinion in the Jenkins case, supra, adheres to the construction announced in the Knight and Knuckles cases, supra, and also construes the Robertson and Young cases. As the writer of the opinion in the Robertson case, 54 Texas Crim. Rep., 21, he holds that there is no conflict between it and the Knuckles and Knight cases, and he intended no such construction as is now given to that case by a majority of the court. The judge who wrote the opinion in the Young case (Judge Brooks) is also the author of the opinion in the later cases of Knuckles and Knight, and in the dissenting opinion it is shown there is no conflict between them.

After reading all those cases, and the article of the Code, taking into consideration the evil intended to be remedied, I believe the opinion of the majority of the court in the Jenkins case is wrong, and that the construction given the statute in the Robertson, Knuckles and Knight cases to be correct.

What were the conditions intended to be remedied? Prior to the enactment of this statute, a person might orally testify that he had

given to a defendant a statutory warning, and then detail a confession. The Legislature, recognizing the frailty of men's memory, thought it best not to place this confession in the memory of man, but to require that it be reduced to writing and signed by the person making the confession. It was never intended to add, and the Legislature did not add one single thing to the essentials to render a confession admissible. It only required that those things rendering a confession admissible, and the confession should not be entrusted to man's memory, but should be reduced to writing so that there could be no mistake and no imposition. While intending to protect the right of every person accused of crime, and to so arrange matters that it should be shown that a person charged with an offense had been given the statutory warning, and that the confession was in fact and in truth his confession, or statement of the matter, it, I do not think, ever intended to place about confessions technical rules to defeat the ends of justice. It only intended to pass a law that no injustice could be done to a person accused of crime. If the confession shows that a defendant was informed and knew that he did not have to make a confession, and also knew that such confession could be used against him, and not for him, if in moments of remorse he made a statement, it was never intended to exclude it, but only that it be preserved in writing, and used against him only in the language he made it. From a careful study of the Act, I can not construe from its language any other intention or purpose in the minds of the Legislature, and to give to it the technical construction that is given to it in the Jenkins case and in this case, I think is contrary to the language of the statute, and the intention of the Legislature, enacting it. It was not intended to prevent justice, but was intended to further the ends of justice—to see that an accused person was not imposed upon, and a construction, by the narrator, given to language not intended by the person making the confession, or a confession admitted that was not voluntarily made. Yet, while protecting all the rights of defendant, it was never intended for its language to be so construed as to prevent the admissibility of a statement voluntarily made by a person accused of crime when duly warned, when that statement had been reduced to writing. If the statement shows that it was voluntarily made after receiving the statutory warning, and the confession is in writing and signed by the defendant, this, I think, is all the statute requires. When the statement or confession has been reduced to writing, and the written instrument shows that he has been given the warning, first, that he does not have to make any statement at all; second, that the statement may be used in evidence against him on his trial for the offense concerning which the confession is therein made, and such person has signed such a statement, the requirements of the law have been met, and to hold that the written instrument must contain more is but a play upon words.

This statute is so fully discussed in the opinions herein referred

to, I do not deem it necessary to further discuss it, and I write this my protest against the construction given by a majority of the court to make it of record, for in the future, while not agreeing to it, yet I shall follow the construction of the majority, deeming it more essential that the law shall be settled and understood by the trial judges and the legal profession than that the opinion of any one member, even if correct, in the construction of a statute relating to procedure, should prevail. It follows, that in my opinion the judgment should be affirmed.