### G. W. PERRETT v. THE STATE.

No. 2832. Decided December 10, 1913.

Rehearing denied January 21, 1914.

**1.—Rape—Child Witness—Discretion of Court.**

Where the voir dire examination of a child witness seven years old showed that he was competent to testify, there was no error.

**2.—Same—Witness—Impeaching Testimony.**

Where a witness testified for the defendant to an entirely different state of facts to what she testified to before the grand jury, there was no error in showing this.

**3.—Same—Evidence—Confession—Warning.**

Where two written statements by the defendant were admitted in evidence, and it appeared from the record that the second written statement was not a continuation of the first and differed therefrom in many ways, and that defendant had not been properly warned, the same was reversible error. Following Henzen v. State, 62 Texas Crim. Rep., 336.

Appeal from the District Court of Tarrant. Tried below before the Hon. James W. Swayne.

Appeal from conviction of rape; penalty, fifty years imprisonment in the penitentiary.

The opinion states the case.

*Poulter & Johnson,* for appellant.—On question of confessions with-

out warning: Henzen v. State, 62 Texas Crim. Rep., 336, 137 S. W.
Rep., 1141; Burton v. State, 62 Texas Crim. Rep., 402, 137 S. W. Rep.,
1145; Ayers v. State, 62 Texas Crim. Rep., 428, 137 S. W. Rep., 1146;
Majors v. State, 63 Texas Crim. Rep., 488, 140 S. W. Rep., 1095; Over-
street v. State, 150 S. W. Rep., 630; Jenkins v. State, 60 Texas Crim.
Rep., 236, 131 S. W. Rep., 542.

On question of admitting testimony of child: Holst v. State, 23 Texas
Crim. App., 1; Taylor v. State, 3 S. W. Rep., 753.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted for rape on his own
daughter, and his punishment assessed at fifty years confinement in the
penitentiary.

Appellant objected to Joe McKinney, a boy seven years old, being per-
mitted to testify. We have carefully read the voir dire examination of
this boy, and are of the opinion the court did not err in permitting him
to testify.

Neither was there error in permitting the witness Grace Perrett to be
impeached by the testimony she gave before the grand jury. When this
witness had testified in behalf of appellant to an entirely different state
of facts to what she stated when before the grand jury, the State, as
affecting her credit as a witness, was properly admitted to show what she
had testified on the former occasion.

However, the first bill of exceptions presents an error that will neces-
sitate a reversal of the case. It appears that appellant appeared before
the assistant county attorney on January 28th, and after being warned,
as the law requires, made a statement in which he admitted his guilt
of the crime charged. This statement was properly admitted in evidence.
Three days later he made another statement. This latter statement con-
tains no warning of any character. In fact, the assistant county attor-
ney testifies that when this latter statement was made on January 31st,
he gave to appellant no warning, apparently relying on the warning he
had therefore given on January 28th. But this latter statement is not
a continuation of the first, and is an entirely different statement con-
taining many additional matters, and matter of such an atrocious nature,
we can readily see why a jury who heard it would inflict virtual life im-
prisonment in the penitentiary. And we can readily understand how a
trial judge, considering the nature of the case, and that appellant was
mistreating his little daughter, should feel that the jury should know all
the facts. Yet he and this court are bound by the law as written by the
Legislature. It is conceded that appellant was under arrest and in jail,
and when he made the statement January 31st no warning was given,
and the statement contains no allegation that any warning of any char-
acter was given at that time. If by any construction it could be held to
be but a continuation of the statement of January 28th, we would feel in-
clined to uphold the ruling of the trial judge in admitting it in evidence.

But the language of the two statements, made at different times (three days apart), will bear no such construction. The first statement is shown to have been made in the presence of N. E. Cambell, J. M. Painter and H. G. Musick, while, when the latter was made only Mr. Musick was present. The Legislature has provided that a statement of a defendant, while under arrest, is not admissible against him, unless it be in writing, signed by him, and shall show that he was duly warned by the person to whom the confession was made that he did not have to make a statement, and that such statement could be used in evidence against him. This statute seems to provide that the written instrument in and of itself must show those facts, and this court has so held in Henzen v. State, 62 Texas Crim. Rep., 336, 137 S. W. Rep., 1141, and in a number of cases since the rendition of that opinion.

The record as presented to us contains no other error, but on account of admitting this unwarned statement, which was of a most damaging nature, the case is reversed and remanded.

*Reversed and remanded.*

[Rehearing denied January 21, 1914.—Reporter.]