## TRESSIE MILLER v. THE STATE.

No. 13119.   Delivered October 30, 1929.

The opinion states the case.

*H. S. Beard* of Waco and *H. S. Bonham* of Beeville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—Appellant was tried under the provisions of Title 16, C. C. P., relating to delinquent children. She was committed to the Girls' Training School for an indeterminate period of from one to five years.

It was alleged in the complaint and information that appellant, a female under the age of eighteen years, had sexual intercourse with her father, it being averred that such act constituted her a delinquent child. Testifying in her own behalf appellant denied that there had been any improper relations between her and her

father. Her father also declared that he had not had sexual intercourse with his daughter. No witness testified to having seen appellant and her father have an act of sexual intercourse, but some of the witnesses for the state said that they had seen the parties in a compromising position. The state introduced in evidence a written statement made by appellant while in jail, in which she related that she and her father had been having sexual intercourse for many months.

As disclosed by the only bill of exception in the record, the written statement above referred to was received in evidence over proper objection by appellant. It is certified in the bill that appellant had been in jail for two days and was in jail at the time the statement was made. The requisites set forth in Art. 727, C. C. P., were not complied with in taking appellant's confession. The statement did not show that appellant had been warned by the person to whom the confession was made that she did not have to make any statement at all; nor did it show that she was advised that any statement made by her might be used in evidence against her on her trial for the offense concerning which the confession was made. The failure to comply with the specific requirements of the statute rendered the statement inadmissible. Justice v. State, 18 S. W. (2d) 657; Robertson v. State, 111 S. W. 741; Henzen v. State, 137 S. W. 1141; Burton v. State, 137 S. W. 1145; Ayers v. State, 137 S. W. 1146; Boyman v. State, 126 S. W. 1142; Jenkins v. State, 131 S. W. 542.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.