HERBERT NORRIS v. THE STATE.

No. 12723. Delivered November 6, 1929.
Rehearing denied December 11, 1929.
Reported in 21 S. W. (2d) 1044.

The opinion states the case.

*M. J. Baird* of Plainview, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for forgery; punishment, two years in the penitentiary.

The testimony amply supports the jury's conclusion that appellant forged the check set out in the indictment, and introduced in evidence, and identified as the one signed by appellant. As we understand appellant's contention, it is that he signed the name of one Monroe to the check by authority of said Monroe. The record contains appellant's second motion for a continuance sought because of the absence of said Monroe. The bill of exception complaining of the refusal of this continuance is qualified by the trial judge who sets forth that appellant was arrested and made a confession of his guilt on April 26, 1928, and was indicted for this offense on August 10, 1928, and made no application for any subpœna until August 28th of said year, and that he next asked for process on January 24th, 1929, and later on January 26th, and that the witness referred to has never been subpœnæd. The record does not show any diligence, or the likelihood that the testimony of the witness could be obtained by any further continuance of the case.

By another bill of exception complaint is made of the reception in evidence of the confession of appellant. Objection to this testimony was in the most general terms upon the ground that it did not show the statutory warning was given. The warning appears from the face of the confession to have been given by the party to whom the confession was made. It sets out that the accused did not have to make any statement at all, and that if he did make a statement that

it could be used against him in the trial of any case to which the statement might refer. We fail to see how the warning fell short of that required by the statute.

Another bill of exception complains of a question propounded to defense witness Mrs. Gardner while on the witness stand. She was asked if she was not under bond in a case wherein she was charged with the possession of intoxicating liquor for the purpose of sale. This might not appear to be asking the witness directly if she was under a charge for a felony, but such is the substance of the question asked. That a witness may be impeached by showing that he or she has been arrested and charged with a felony, is too well settled to need citation of authorities. Nor do we find any substance in an objection based on the fact that the sheriff was permitted to testify that he did not know any such person as the one named in appellant's application for continuance.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—Appellant's defense was that he had authority of the purported signer of the alleged forged check to execute it. The court submitted the issue in the following language:

"You are further instructed by the Court that if you find and believe from the evidence that the defendant had the authority, or believed that he had the authority, to sign the written instrument in question, or if you have a reasonable doubt thereof, you will acquit the defendant and return a verdict of not guilty."

Appellant objected to the foregoing instruction on the ground that it left in "doubt whether the state must prove a lack of authority on the part of defendant to write the check." By the instructions already given the court had required the jury to believe from the evidence beyond a reasonable doubt that appellant had made the check without lawful authority. He was submitting appellant's defensive theory in the paragraph complained of. We see no merit in the objection.

The other questions presented in the motion were considered and correctly decided in the original opinion.

The motion is overruled.

*Overruled.*