# OCTOBER 30, 1940

### L. C. CONN v. THE STATE.

No. 21166. Delivered June 12, 1940.
Rehearing Denied October 30, 1940.

The opinion states the case.

*J. R. Bogard,* of San Augustine, and *J. R. Anderson,* of Center, for appellant.

*Joe J. Fisher,* District Attorney, of San Augustine, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a term of thirty-five years.

The record discloses that on the night of July 15, 1939, appellant killed Rufus Johnson by shooting him with a pistol.

By Bill of Exception No. 1 appellant complains of the action of the trial court in admitting in evidence a purported voluntary confession apparently made to Leo Bishop, a State Ranger, and reduced to writing by the County Attorney of San Augustine County. The formal part thereof reads as follows: "I, L. C. Conn, make the following statement to Leo Bishop, the person who I am in custody of at this time, after I have been duly warned that I do not have to make any statement at all and that any statement that I may make may be used in evidence against me concerning the offenses which this statement is relative to, I make the following voluntary statement to the aforesaid person."

Appellant objected to its introduction in evidence on the ground that it failed to show that any warning had been given him by the person to whom it was made. Thereupon the State, for the purpose of supplementing the formal part of the alleged confession, elicited from the witness, Leo Bishop, the fact that the purported confession was made to him after he had warned him that he did not have to make any statement, but that any statement which he might make could be used in evidence against him on the trial for the murder of Rufus Johnson. After giving him the warning he (appellant) made the statement. On cross-examination he testified that the warning which he gave to the appellant was that he did not have to make any statement; that if he did make a written statement it could be used for or against him. The witness testified that he was not only confident but sure that he told appellant that any statement which he made could be used for or against him on the trial of this particular case. Thereupon, appellant again objected to the introduction of the confession on the ground that a sufficient proper warning had not been given. Appellant's

objections were overruled, the confession was admitted in evidence and appellant duly excepted.

The questions herein presented are not new. They have been before this court in a number of cases which sustain the appellant's contention. See Young v. State, 54 Tex. Cr. R. 417. It was again squarely before this court in the case of Jenkins v. State, 60 Tex. C. R. 236, in which case Judge Ramsey, then a member of this court, dissented from the rule announced by the majority members of the court. However, this court has since then adhered to the rule of the majority. See Henzen v. State, 62 Tex. Cr. R. 336; Boxley v. State, 100 Tex. Cr. R. 334, 273 S. W. 589; Justice v. State, 112 Tex. Cr. R. 586, 18 S. W. (2d) 657; Miller v. State, 113 Tex. Cr. R. 417, 21 S. W. (2d) 304; Grice v. State, 115 Tex. Cr. R. 64, 29 S. W. (2d) 793.

If the officer who had appellant under arrest warned him that any statement which he (appellant) might make could be used for or against him, it did not meet the requirements of Art. 727, C. C. P. relating to confessions, and therefore the same was inadmissible in evidence. See Adams v. State, 86 S. W. 334, 48 Tex. Cr. R. 90. Many other cases on the subject could be cited. Inasmuch as the question has been fully discussed in the cases cited, a further discussion thereof is deemed unnecessary.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The State moves for a rehearing, really seeking to have this court adopt the dissenting opinion of Judge Ramsey in Jenkins v. State, 60 Tex. Cr. R. 236, 131 S. W. 542 instead of following the majority opinion as we did. The Jenkins case was decided in 1910. Our present statute on confessions (now Art. 727, formerly 790) was enacted in 1907. In 1908 this court was called on to construe said act in Robertson v. State, 54 Tex. Cr. R. 21, 111 S. W. 741. Judge Ramsey wrote as follows in the case last mentioned: "* * * Whatever may be thought of the wisdom of the Act of the last Legislature in respect to confessions, it is

certain that the Legislature intended that, before any confession of one in jail, or in confinement should be admitted, that such instrument should contain, within itself, evidence that the person making same had been warned by the person to whom same was made that he did not have to make any statement at all and that any statement so made could be used in evidence against him on his trial for the offense concerning which the confession is therein made. The fact that such statement is contained in the certificate of the notary public does not meet the requirements in the statute. It can no more supply the recital of such facts in the statement than could an acknowledgement supply or take the place of a substantial matter required by law to be contained, or included in a deed or other instrument of writing."

The same Act was again construed in 1908 in Young v. State, 54 Tex. Cr. R. 417, 113 S. W. 277. Notwithstanding certain suggestions in the opinions mentioned the Legislature has not deemed it wise to make any change in the statute, and it has been twice re-enacted in the revisions of 1911 and 1925. Under the circumstances stated we adhere to the rule announced in the cases herein mentioned and which rule has been followed in other cases listed in our original opinion.

The State also urges that the admission of appellant's confession even though erroneous should not be held reversible under the rule that though evidence be erroneously admitted if the same evidence comes into the case without objection the error will not bring about a reversal. It is the State's contention that appellant proved by the wife of deceased the same facts which are found in appellant's confession. The rule invoked by the State has been recognized in many cases, but we are not aware that application thereof has been made where confessions of an accused have been improperly admitted in evidence unless accused himself has become a witness and testified substantially to the same things found in the confession. See Govance v. State, 109 Tex. Cr. R. 47, 2 S. W. (2d) 853; Henderson v. State, 118 Tex. Cr. R. 436, 39 S. W. (2d) 900; Parker v. State, 91 Tex. Cr. R. 68, 238 S. W. 943; Whorton v. State, 69 Tex. Cr. R. 1, 152 S. W. 1082. In view of the statutory limitation and restrictions regarding the admission of confessions in evidence the rule last above stated should not be further extended. The effect of the same evidence from another source upon a jury improperly hearing the recitals in a confession is too speculative to be indulged in. One is an admission against

interest, the other statements of a witness which may be given weight according to the jury's appraisement of the witness.

The State's motion for rehearing is overruled.