Opinion adopted by the Supreme Court.

**OGLESBY v. STATE.**

No. 23106.

Court of Criminal Appeals of Texas.

April 18, 1945.

Rehearing Denied May 23, 1945.

R. B. Rawlins, of Monahans, and Roy I. Biggs, of Pecos, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant, a negro soldier, was charged with rape upon the person of Miss Hudson, and, upon his conviction therefor, he was given the death penalty by the jury.

The facts show that on November 8, 1944, Miss Hudson, a young lady twenty-four years old, and an employee in the airfield hospital in Pecos, Texas, together with two companions, Miss James, twenty years old, and also an employee at such hospital, and a third young lady, attended a social function and dance at the Army Post Service Club, being requested to do so by the U.S.O. These three young ladies left the dance at about 11:20 at night, on a bus, and came into the town of Pecos, and went into a cafe and ate a lunch. Misses Hudson and James roomed with Mrs. Kelly, Miss James' sister, and after the lunch they proceeded towards the Kelly home, some few blocks away, passing down the Carlsbad highway, and when near an abandoned lumber yard they heard as well as saw a man approaching them. The night was dark, and becoming frightened they both crouched down; the man they saw was rather tall, and continued approaching where they were hidden, and they then saw another man smaller than the one first seen, both men coming close to these ladies. The ladies then told these men to go on down the road. Instead, the large man, identified as appellant, grasped Miss James by the arm, and, choking her, began dragging her away from the highway and over some nearby railroad tracks. Both ladies started screaming and fighting, but appellant soon silenced the cries of Miss James, and the smaller man began to struggle with Miss Hudson. Appellant tore the panties, brassiere and other clothes off Miss James, and got on top of her and had intercourse with her. Miss Hudson finally got loose from the smaller man and came to the rescue of her companion, and began beating appellant over the head with her purse. Appellant finally accomplished his purpose with the James girl, and then turned his attention to Miss Hudson, and producing a knife, announced that "he would have her" also if he had to kill all three of them; "that he had killed several people, and he wouldn't mind killing all three of them." Despite her resistance, he also penetrated Miss Hudson's female organ, and then allowed them to depart; and the conviction herein is for the rape of Miss Hudson, who was examined by an army physician at the hospital soon thereafter, and lacerations were found upon her body, and her torn hymen was bleeding at such time, and evidence of the penetration of her privates was present, there being male spermatozoa found therein at such time. Both young ladies positively identified appellant as their assailant, and the testimony of military police evidenced the valiant struggle these two ladies made to preserve their virginity by the torn up condition of the ground as well as the finding there portions of their clothing. It was also shown that soon after the release of these young ladies they made outcry to Mrs. Kelly, and

told her that they had been raped. Appellant was arrested about 10 o'clock in the morning of November 9th, after this occurrence had taken place at night, and at the time of such arrest he had on a pair of trousers that were stained with blood in the crotch thereof. He was positively identified by both the young ladies as being the taller negro, and the one who had raped them both.

There is but one bill of exceptions in the record, and that relates to the admission of a written statement made by the appellant. The entire statement is as follows:

"I, Joseph W. Oglesby, being in the custody of Louis Roberson, sheriff of Reeves County, Texas, having been first warned by Hill D. Hudson the person to whom this statement is by me made, that I do not have to make any statement at all, and that any statement made by me may be used against me on my trial for the offense concerning which this statement is made, do hereby make the following voluntary statement in writing to the said Hill D. Hudson:

"My name is Joseph W. Oglesby and I am a private in the United States Army at Pyote Army Air Field. On November 8th, 1944, Cyril Adderly and I came to Pecos, Texas, with two other soldiers. We got here about 8:30 at night and drank two quarts of whiskey and some more which we did not buy. We got pretty drunk and separated from the other boys. I was drunker than Adderly and while I knew what I was doing I would not have done it had I been sober. About midnight we were walking west along the shoulder of the track and we saw two women going East along the first street north of the railroad track. I could not tell whether they were white women or colored women until we got over there to where they were. We took them over South of the tracks. I do not want to make any further statement, except that I did not know but what that was a colored part of town. I have read the above and it is true.

"Joseph W. Oglesby

"Witnesseth

"W. W. Massey
"Hill D. Hudson."

Appellant levels eight different objections to the introduction of this statement; in none of them does he mention, save in a general way, the portion of the warning contained therein that differs from the warning laid down in Art. 727, Code Cr.

Proc. The pertinent portion of such article reads as follows: "* * * which written statement shall show that he has been warned by the person to whom the same is made: First, that he does not have to make any statement at all. Second, that any statement made may be used *in evidence* against him on his trial for the offense concerning which the confession is therein made; or," etc., the above portion of such article being all that is pertinent to a written confession.

A comparison of the above warning of Attorney Hudson with Article 727, C.C.P., will show that the warning initiating this statement left out the underscored words "in evidence," and doubtless such omission was the basis of some of appellant's objections thereto.

We are aware of the many decisions of this court that demand a compliance with this Article 727, supra, in all of its material requirements, evidenced by the demand that such preliminary statement shall show that the warning should be given by the person to whom the statement is made; and again that it must be therein shown that the maker of such statement should have been warned that same may be used against him in his trial; that if it be stated therein that same might be used for the maker—see McCain v. State, 139 Tex. Cr.R. 539, 141 S.W.2d 613—such deviation from the statutory warning would be fatal to its introduction, and see Conn v. State, 140 Tex.Cr.R. 202, 143 S.W.2d 1036, but from a reading of many of these adjudicated cases we have reached the conclusion that our holdings do not relegate us to the very words set forth in such statute, the haec verba, but that a substantial compliance with all necessary demands of the article will be sufficient.

In Phillips v. State, 102 Tex.Cr.R. 195, 277 S.W. 679, it was held that the use of the words "can be" instead of "may be" was in accord with the letter and spirit of what is now Art. 727, supra. To the same effect is the holding in the case of Bridges v. State, 102 Tex.Cr.R. 462, 277 S.W. 1096.

In Norris v. State, 114 Tex.Cr.R. 222, 21 S.W.2d 1044, 1045, it was said:

"The warning appears from the face of the confession to have been given by the party to whom the confession was made. It sets out that the accused did not have to make any statement at all, and that if he did make a statement that it could be used

against him in the trial of any case to which the statement might refer. We fail to see how the warning fell short of that required by the statute."

In Moore v. State, 96 Tex.Cr.R. 493, 258 S.W. 476, 477, the following warning was shown to have been given:

" 'I make this statement after being warned by the said Emmett Thornton, county attorney of the county and state aforesaid, that I do not have to make this or any other statement concerning said killing of Berry Roberts and that any statement by me may be used in evidence against me upon any trial for the offense of murder concerning which I am voluntarily making a statement and that this statement cannot be used in evidence for me.'

"The criticism of the verbiage in which the warning is couched is deemed without merit. The language is not exactly that embraced in article 810, C.C.P., but in substance it is the same."

It will be noted in this case that only a substantial compliance was held to be sufficient.

In the case of Newton v. State, 93 Tex. Cr.R. 314, 247 S.W. 281, a substantial compliance with the statute was held to be a sufficient warning.

In the case of Coomer v. State, 97 Tex. Cr.R. 100, 260 S.W. 568, 569, after a proper warning had been given to an accused, and same was shown him, the accused himself wrote an addition to such statement in which he attempted to repeat the previous warning, and such accused's statement's last sentence read as follows: "After the warning I made the statement freely and of my own will and accord and with being promised anything whatever." The fact that this last sentence said "with" instead of "without" was not regarded as destructive or contradictory, but from the whole instrument it appeared that a proper warning had been given.

We do not think that the omission of the words "in evidence" would render inoperative the substantial compliance of the statute found in the statement.

Appellant was indicted in this cause on November 11, 1944; on November 16, 1944, Hons. R. B. Rawlins, Roy I. Biggs, and J. H. Starley were appointed by the trial court to conduct the appellant's defense. After being served with a copy of the indictment herein for at least two days prior thereto, on November 21, 1944, appellant was arraigned, and pleaded not guilty. On December 18, 1944, a special venire of 120 men appeared in court, having been duly summoned thereto, and this cause proceeded to trial. The trial court prepared an admirable charge, setting forth the law upon the matters arising therein, to which no exceptions were taken. Appellant's diligent attorneys had prepared and presented to the trial judge four requested special instructions, which, in an excess of caution, the judge gave to the jury; however, practically all of the requested charges were but a repetition of defensive matters contained in the original charge. There is no further complaint found herein save as to the confession.

On December 19, 1944, the jury returned a verdict of death, and from the record, free from errors, so we think, there appears no reason to disturb the same. The judgment is therefore affirmed.

### On Motion for Rehearing.

HAWKINS, Presiding Judge.

In the motion for rehearing appellant calls attention to the objections to the introduction of his confession. As we understand from such objections appellant's position is that where the warning to appellant does not particularize the offense with which he is charged, and the statement made by him does not disclose an offense, no evidence is admissible in aid of the confession to identify the offense to which it relates.

In construing Art. 727, C.C.P., it has been consistently held, since Jenkins v. State, 60 Tex.Cr.R. 236, 131 S.W. 542 was decided, that no outside evidence could be received to supplement the omission in the warning of any of the matters required to be therein by the statute. The case of Conn v. State, 140 Tex.Cr.R. 202, 143 S.W. 2d 1036, decided in October, 1940, follows such holding, and many cases are cited in the opinion.

Appellant seeks now to have us hold that the same restrictive rule should be applied to the confession itself. This, we think, would be unreasonable. Many confessions fall short of showing an offense against the party making it, but facts stated in the confession may be so related to the offense shown by other evidence as to make appellant's criminal connection with the offense appear.

Expressions may be found in some opinions such as "the confession must be complete within itself," and this may have misled appellant into urging the objections here dealt with. However, an examination of such cases will reveal that the court had reference to a defective warning given accused.

The motion for rehearing is overruled.