JOSEPH LEE BARKER V. STATE

No. 28,844. February 27, 1957.

W. E. Martin, Houston, for appellant.

Leon Douglas, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge .

The offense is murder under Article 802c; the punishment, 2 years.

In view of our disposition of this cause, a recitation of the facts will not be deemed necessary. Bill of Exception No. 1 recites that the appellant's confession showed on its face that he was warned by J. H. Wilson, the person to whom the statement was made, whereas the evidence established that the confession was made to the county attorney and not J. H. Wilson. The bill further recites that the confession was introduced in evidence and read to the jury over the appellant's objection but that later in his charge the court withdrew the confession from the jury's consideration and instructed them not to consider it for any purpose but that the appellant nevertheless moved for a mistrial.

That the confession was damaging to the appellant's case,

there can be no doubt. We will not speculate as to the efficacy of the court's efforts to withdraw it from the minds of the jury.

Soon after the amendment of Article 727 in 1907, this court was called upon to decide what constituted compliance with the new statute, which reads, in part, as follows: "which said written statement shall show that he has been warned by the person to whom the same is made." It seems to have been the unbroken rule since that date that the confession must have been made to the person named therein as the person to whom it is made. Perrett v. State, 72 Texas Cr. Rep. 212, 162 S.W. 882; Justice v. State, 112 Texas Cr. Rep. 586, 18 S.W. 2d 657; Miller v. State, 113 Texas Cr. Rep. 417, 21 S.W. 2d 304; Grice v. State, 115 Texas Cr. Rep. 202, 29 S.W. 2d 793; Hergesheimer v. State, 139 Texas Cr. Rep. 427, 141 S.W. 2d 598; Conn v. State, 140 Texas Cr. Rep. 202, 143 S.W. 2d 1036; Erisman's Manual of Reversible Errors, Sec. 199, p. 169.

The judgment of the trial court is reversed and the cause remanded.