Ronald DUJAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 35653.

Court of Criminal Appeals of Texas.

April 17, 1963.

Rehearing Denied May 29, 1963.

Second Rehearing Denied June 26, 1963.

Clyde W. Woody, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, and Erwin Ernst, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is under Art. 725c, V.A. P.C., for unlawfully being under the influence of a narcotic drug; the punishment, three years in the penitentiary.

In view of our disposition of the case, a recitation of the facts is unnecessary other than to observe that appellant was arrested in the city of Houston under a warrant is-

sued out of Justice Court, Precinct No. 1, of Harris County, upon a complaint filed in said court, charging him with violation of the narcotic laws. Following his arrest, appellant was taken to the police department, where he was interviewed and observed by state narcotics officer, R. E. Scholl.

Officer Scholl, called as a witness by the state, described certain needle marks on appellant's arm, his physical appearance, and demeanor, and, being qualified as an expert, expressed his opinion that at such time he was under the influence of a narcotic drug.

Appellant timely objected to the testimony on the ground that a legal arrest had not been shown. Upon the state's assurance that such arrest would be shown, his objections were by the court overruled.

At the conclusion of the testimony when it was shown that the warrant issued for appellant's arrest was invalid—not having been signed by the magistrate issuing the same, as required by Art. 219, V.A.C.C.P., appellant moved for a mistrial. The motion was refused but at the same time the court held the arrest of appellant unauthorized and orally instructed the jury not to consider Officer Scholl's testimony insofar as it related to a physical examination of appellant. Later in his charge, the court by an instruction withdrew from the jury's consideration any testimony in the case relative to a physical examination or observation of appellant while in custody, except the testimony of Chemist Crawford, who had taken a specimen of urine from him.

■ Under the record, the court should have granted a mistrial.

As heretofore shown, Officer Scholl's testimony was admitted by the court upon the assurance of state's counsel that a legal arrest would be shown. This the state failed to show.

Officer Scholl's testimony consists of 93 pages of the 156-page statement of facts.

In his testimony the officer presented to the jury a description of appellant's appearance while in unlawful custody and also expressed his opinion, based upon his observation of appellant, that at such time he was under the influence of a narcotic drug.

We are not here dealing with a court's instruction to disregard one improper question and answer of a witness, but an instruction to disregard a large portion of the testimony of a witness which was prejudicial to the appellant.

Appellant was assessed the maximum punishment under Art. 725c, V.A.P.C.

The officer's testimony was of such nature that the error in its admission could not be cured by the court's instruction. Music v. State, 135 Tex.Cr.R. 522, 121 S.W.2d 606; Barker v. State, 164 Tex.Cr.R. 318, 299 S.W.2d 142; Hicks v. State, Tex.Cr.App., 355 S.W.2d 189.

■ Upon another trial, under similar facts, the three photographs of appellant showing needle marks on his arm, which were introduced in evidence by the state, should not be admitted, as it appears that they were made of him while he was under unlawful arrest and detention. Art. 727a, V.A.C.C.P.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.

## ON STATE'S MOTION FOR REHEARING

BELCHER, Commissioner.

The state contends that, even though the arrest was illegal and the jury instructed not to consider certain evidence, as shown in our original opinion, the portion of the confession introduced and the results of the urine test together with the other evidence remaining before the jury are sufficient to support the conviction, therefore, no reversible error is shown.

A reconsideration of the testimony shows that it describes in detail the appearance and condition of the body of the appellant at the police station. Although such testimony was withdrawn at the conclusion of the trial, the pictures showing the appearance and condition of the body were not withdrawn and remained before the jury as evidence which could have been taken to the jury room. Further there was extensive testimony showing the crude, sordid and desperate methods used in preparing and administering narcotics, along with its effects and results, which remained in evidence before the jury.

From the nature of all the evidence introduced, it cannot be reasonably said that the jury could wholly disregard and keep the testimony which was withdrawn out of mind while considering that remaining in evidence. The error in admitting the testimony withdrawn could not be cured by the court's instruction.

The state and the appellant insist that this Court should here pass on the admissibility of the confession and the urine test.

The officers who executed the arrest warrant did not testify and no one present when it was executed was called as a witness. There is no evidence of the exact time or place the appellant was arrested. Further, it is pointed out that the appellant did not testify. It is unknown what the testimony of the arresting officers or that of the appellant would be if they testified in the event of another trial. Therefore it is evident from the record that it would be unwise to here comment on the admissibility of this evidence.

This cause was properly considered and disposed of originally.

The motion for rehearing is overruled.

Opinion approved by the Court.