**Juanita Mae KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36025.

Court of Criminal Appeals of Texas.

Oct. 9, 1963.

No attorney for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

Robert O'Donnell, Dallas, for appellant.

Henry Wade, Dist. Atty., William F. Alexander, Edwin Davis and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The appellant was convicted as a principal to the rape of her 13 year old daughter by 15 year old Ernest English, and her punishment was assessed at 25 years in the penitentiary.

We adopt the summary of the evidence found in appellant's brief.

"The defendant was tried on the theory that she acted in consort with Ernest English, the steady boyfriend of the daughter, which resulted in four separate acts of intercourse. The defendant denied knowledge of the acts of intercourse at the time they occurred but admitted subsequent knowledge that such acts had taken place. Both the prosecuting witness and the accomplice testified that the mother knew of such acts of intercourse at the time of their occurrence, was present in the home when they occurred, and aided the accomplice in the culmination of such acts. The accomplice Ernest English testified that prior to the defendant's suggestions they had not previously considered having intercourse and he further denied any knowledge of how the act was performed attributing all actual knowledge of intercourse to the advice of the defendant. The mother denied any knowledge of the intercourse at the time it occurred but admitted that she subsequently discovered that the two had been having relations when the complaining witness feared she might be pregnant. The natural father testified in behalf of the defendant that he had a discussion with both the complaining witness and the accomplice during the time the complaining witness feared she might be pregnant and at that time no mention was made as to the part the defendant allegedly played in the relations. No outcry with regard to the alleged rape took place until approximately four months after the intercourse and such outcry arose then as a result of an unrelated disagreement between the defendant and the complaining witness. Trial was to a jury who found the defendant guilty of the offense of rape and assessed her punishment at twenty-five years."

The appellant's confession was introduced in evidence in which she stated:

"On or about the 24th of April of 1962, Ernest English called my daughter Donna, at our home 2609 North Garrett and Donna called me to the phone saying that Ernest wanted to talk to me about she and Ernest getting married. I took the phone and he asked me. I don't remember what I replied. After a little while it dawned on me that in the eyes of God they wanted to get married. I turned to Donna on the bed and asked her if this is what she really wanted and she said it was. I talked to him and I talked to her and explained the facts of life, told them what things were done and what were not. I did this not to tell them what to do but what took place when these things were done. I just answered his questions. He asked me such things as: I insert myself in her and I said yes that is the way married people do. To my knowledge, Donna was a virgin at this time. I had ordered literature and explained things to her when she had asked before this. I told them what married people did to make them know how they would feel. This was about 10:30 at night. The following day I was ironing in my bedroom when they came home from school. They said they had decided not to do this. I said fine. They went on into her bedroom and later came out and said 'we are going ahead with this'. I said I hope you know what you are doing. She already knew that women have to use something to keep from getting pregnant. She knew where I kept my norforms. They eventually closed the door. The next day they went back to her bedroom again while I was stamping some slips for her cheerleader campaign. The first day after Ernest left she had told me

'we didn't finish anything'. On the second day, I noticed a while after they left the bedroom that there was blood on her robe. There were two norforms gone when I counted them later. To my knowledge this was the only two times but it may have been three. After the first two times Donna's attitude toward Ernest changed—she got cold toward him. I had some yellow hormone pills that the doctor had given me and I gave her one in some milk. I think it was one."

As a witness in her own behalf the appellant denied knowledge of the acts of intercourse at the time they occurred, but admitted subsequent knowledge that such acts had taken place.

Two gounds for reversal are presented.

Bill of Exception No. 1 complains that the confession of the appellant was not competent evidence against her because the evidence failed to show that she was properly admonished pursuant to Art. 727, Vernon's Ann.C.C.P.

As we understand this claim of error, it is appellant's position that since she could not commit the offense of rape acting alone, it was imperative that the person warning her have some understanding of the law of principals as it applies in rape cases so that the accused could be properly admonished and could understand how she could stand trial for the commission of an offense concerning which the statement was made.

 We find no merit in such contention. The evidence shows a compliance with the requirements of Art. 727, Vernon's Ann.C.C.P. It was not necessary that the person to whom the confession was made understand the law relating to the facts to be stated by the accused after the statutory warning, or that the confession particularize the offense charged or the offense concerning which the statement was made. See Oglesby v. State, 148 Tex.Cr.R. 393, 187 S.W.2d 555; Raulie v. State, 122 Tex. Cr.R. 348, 55 S.W.2d 562; Dove v. State, 112 Tex.Cr.R. 231, 15 S.W.2d 1042.

The remaining claim of error relates to the cross-examination of Ernest English who was an accomplice witness.

 The contention is that the appellant was not permitted to show by English that he had not been charged with rape as a result of the transaction about which he testified on direct examination. It is argued that such testimony was admissible as showing animus and motive, bias and prejudice, and to show that the witness was seeking favor at the hands of the state.

The record shows that appellant's counsel was permitted to ask the witness whether or not the district attorney had influenced him or promised him anything, and that the witness answered in the negative. We see no error.

The judgment is affirmed.