**Joseph A. TETRAULT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36340.**

Court of Criminal Appeals of Texas.

Feb. 5, 1964.

Rehearing Denied March 11, 1964.

Joe J. Johnson, Jr., Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Albert F. Fick, Jr., Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is murder without malice under the terms of Art. 802c Vernon's Ann. P.C.; the punishment, two years confinement in the Department of Corrections.

The record has now been perfected; our prior opinion is withdrawn, and this appeal will be now considered on the merits.

The witness Long testified that while on his way home from Dallas on the night in question, he observed a 1955 Ford ahead of him, that both he and the Ford turned north on North Main Street in Euless, that the Ford "was weaving from one side of the road to the other" in front of him, that the Ford proceeded for a time over in the left hand lane which was occupied by oncoming traffic, that it forced one automobile off the road, almost hit a telephone pole and then went off the right hand side of the road and ran into a group of children who were walking "alongside the road. * * * in the borrow ditch" entirely off the road. He stated that he saw no indication of the Ford's brakes being applied prior to the time it hit the child. He testified further that

when he was able to bring his automobile to a halt, he returned to the scene and found a boy of approximately ten years of age lying bloody and unmoving on the ground and that some time later the boy was carried away in a squad car. He identified appellant as the driver of the Ford, stated that appellant had alcohol on his breath, and expressed the opinion based from the manner in which the Ford was driven and his conduct at the scene that appellant was intoxicated.

It was stipulated that the boy named in the indictment met his death as the result of injuries received in the accident. Two of the boys who were with the one who was killed testified that they were walking single file facing the oncoming traffic "right at the edge of the gravel" which formed the shoulder of the asphalt highway when the deceased was hit, and that they avoided injury by jumping over to the fence which bordered the roadway.

A sample of appellant's blood was taken by a doctor with appellant's consent and was forwarded to the Department of Public Safety in Austin, and the results of tests run on such sample showed that it contained 28/100ths of 1% of alcohol by weight, which according to the testimony of the toxicologist was indicative of intoxication.

Officers Smith and Wall of the Euless Police Department testified that they arrived upon the scene soon after the accident, made several measurements which showed skid marks made by appellant's automobile, and from such marks gave their opinion that the deceased had been off the paved portion of the highway on the shoulder at the time he was struck.

Appellant's confession was reduced to writing by an Assistant District Attorney the next morning and was introduced in evidence. It recited that appellant and a co-worker had each bought a half pint of vodka as they got off from work on the night in question, that appellant drank the entire contents of his bottle and half of

that of his companion before he started home, and was almost there "when I ran into a little boy walking at the side of the road."

Appellant testifying in his own behalf admitted that the "statements in that statement" were true and said that he did not see the children until he heard a "thud", at which time he brought his automobile to a halt and went back to where the boy was lying. He blamed his inability to see the children on the bright lights of the automobile which was following him. He testified that after drinking the ¾ of a pint of 80 proof vodka he "felt more relaxed", but that it did not impair his vision.

He called one Joe Werry, who testified that he was some 150 yards away from the scene of the accident, and according to his testimony, all the children were "bunched up together", and appellant's automobile was on the paved portion of the highway at the time the child was struck.

■ The jury elected to accept the version of the facts elicited from the State's witnesses, and we find the evidence sufficient to support the conviction. We shall discuss the contentions advanced by brief and in argument.

■ Officer Smith was asked if he had prepared a scaled drawing of the scene which reflected the physical facts which he found at the scene. When he replied in the affirmative, the drawing was admitted in evidence. During the course of his direct examination, it was developed by the prosecutor that in fact he had observed no physical facts which would indicate that appellant's automobile had been driven in the left hand lane some time prior to hitting the child. Upon discovery of such fact, the prosecutor joined with appellant in requesting that such portion of the drawing be withdrawn from the jury view, and that they be instructed to disregard the same. Such request was granted; that section of the drawing was cut away, but appears in the record as defendant's Exception #2 for the purpose of his Bill. It shows nothing more than at one time appellant crossed over into the left hand lane of the highway, which is the same evidence which had been elicited from the witness Long without objection, and hence cannot constitute grounds for a reversal of this conviction. The court did not err in refusing to grant a mistrial when such discovery and withdrawal were made. We are not here dealing with a large portion of the officer's testimony as we were in Dujay v. State, Tex.Cr.App., 368 S.W.2d 613, upon which appellant relies, but upon a relatively unimportant section of a drawing which was withdrawn from the jury's consideration. The only substantial defensive issue raised was whether the children were on or off the paved portion of the highway at the time the boy was struck. The portion of the drawing exhibited and then withdrawn from the jury's consideration could not help solve that vital issue. Had an objection been leveled at the notation "Reaction time in applying brakes", which appeared on that portion of the drawing which remained in evidence, no doubt the court would also have sustained the same. Since no objection was made, the same is deemed to have been waived. 5 Tex.Jur. 2nd, Sec. 39, p. 61.

At one juncture, Officer Smith indicated a point where appellant first applied his brakes. Upon an objection, the witness explained that he meant where the skid marks began. As explained, this did not constitute a conclusion of the witness, but a recitation of physical facts which the witness has observed.

Finding no reversible error, the judgment is affirmed.