### Jack Burton v. The State.

No. 869. Decided May 17, 1911.

**1.—Murder—Evidence—Confessions—Warning.**

Where, upon trial for murder, it did not appear from the face of the alleged written confession that the defendant was warned by the person to whom the confession was made, the same was inadmissible in evidence.

**2.—Same—Evidence—Confessions—Defendant as a Witness.**

Where the alleged written confession did not show that it was made to the person who gave the warning, and defendant's testimony on the stand was different in many respects from the alleged confession, the error of admitting the alleged written confession was not thereby cured.

**3.—Same—Continuance—Practice on Appeal.**

Where the cause is remanded on other grounds, the question of continuance need not be considered.

**4.—Same—Charge of Court—Manslaughter.**

Where, upon trial of murder, the evidence did not raise the issue of manslaughter, there was no error in the court's failure to charge thereon.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. E. R. Campbell.

Appeal from a conviction of murder in the first degree; penalty, imprisonment for life in the penitentiary.

The opinion states the case.

*W. F. Kelly, Thomas C. Turnley,* for appellant.—On the question of admitting the alleged confession: Robertson v. State, 54 Texas Crim. Rep., 21, 111 S. W. Rep., 741; Adams v. State, 34 Texas, 527; Laws of 30th Leg., 219.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—The appellant was indicted by the grand jury of the Criminal District Court of Galveston County for murder. In November, 1909, he was found guilty of murder in the first degree and given a life sentence.

It is unnecessary to give in detail the evidence in this case, because of the disposition we make thereof.

1. The court, over the objection of the appellant, permitted the State to introduce in evidence a purported confession by the defendant. The confession, in substance, so far as the preliminary requisites thereof required by article 790, Code Criminal Procedure, as amended by the Act of 1907, is the same as in the Henzen case, this day decided. It is not shown in said confession, as required by said statute, that the accused was warned "by the person to whom the confession was made." The bill of exceptions to the introduction thereof properly shows that this objection was made by the appellant and overruled by the lower court. This was error which necessarily results in the reversal of the case. See Henzen v. State, this day decided, and the other authorities therein cited.

A suggestion is made that the appellant testified substantially to the same facts as shown by said confession and that, therefore, no reversible error was committed in the introduction of said confession. However, in this case, as in the case of Robertson v. State, 54 Texas Crim. Rep., 21, 111 S. W. Rep., 741, the testimony of the appellant on the witness stand is in some respects similar to that contained in his written confession, yet in many respects it is very different and there is much additional matter, and, as he testified, much of his confession was not therein. The said written confession is, therefore, so disputed by the testimony of the appellant on the stand and is of so much additional matter that we can not hold no error was committed in the introduction of said written confession.

2. Appellant also contends that the court committed an error in overruling his motion for a continuance. It is unnecessary for us to pass upon this question now, because of the disposition we make of the case.

3. Complaint is also made that the court should have submitted the issue of manslaughter. As the testimony appears in this record, no such charge was called for and it would have been improper for the court to have given any such charge. Of course, if upon another trial such an issue is properly raised by the testimony, the court can then give the proper charge thereon.

For the error in permitting the said written confession to be introduced in evidence, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*