## Lawrence Johns v. The State.

### No. 1321.  Decided October 25, 1911.

### Rehearing denied November 29, 1911.

**1.—Assault to Murder—Evidence—Confessions—Bill of Exceptions.**

Where, upon appeal from a conviction of assault to murder, the bill of exceptions did not contain the confession admitted in evidence, the same could not be considered; besides, the confession was admissible. Following Burton v. State, 62 Texas Crim. Rep., 402, and other cases.

**2.—Same—Charge of Court—Age of Defendant.**

Where, upon trial of assault to murder, the evidence showed that the defendant was over fourteen years of age at the time the offense was committed, the contention that, under Article 34, Penal Code, he could not be convicted, was not tenable.

**3.—Same—Constitutional Law—Juvenile Defendant.**

The provision of law for the incarceration of defendants under sixteen years in the reformatory, etc., is constitutional.

**4.—Same—Charge of Court—Principals—General Objection.**

Where no errors were pointed out in the court's charge on the law of principals, the same was too general; besides, under Article 723, Code Criminal Procedure, there was no error.

**5.—Same—Newly Discovered Evidence—Age of Defendant.**

Where, upon motion for new trial, no proper diligence was shown why the alleged newly discovered evidence, with reference to defendant's age, was not procured before trial, there was no error.

Appeal from the District Court of Bosque. Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. P. Word,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted by the grand jury of Bosque County, charged with assault with intent to murder, and when tried he was convicted and his punishment assessed at two years confinement in the penitentiary.

It appears from the record that appellant and three other negroes left Fort Worth together, attempting to ride freight trains on the Santa Fe. At Kopperl they were discovered, and a short distance this side of Kopperl they were ordered off the train. They got off, but upon the train starting they got on again, riding on the rods under the cars. The conductor and two brakemen went to where the negroes were and ordered them off the train. They got off, but when they did do so one of the negroes drew a pistol and fired at the brakeman and conductor, shooting four times, striking the conductor in the thigh. Appellant did none of the shooting, but if the brakeman and conductor are to be believed, he was with the one doing the shooting, with rocks in both hands, ready to throw, if the brakeman and conductor had not retreated. The four negroes remained together, and acted together in all matters until their arrest.

The indictment contains two counts, one charging appellant as a principal, and the other charging him with being an accessory. After the evidence was introduced, the court submitted to the jury only the first count in the indictment—the one charging appellant with being a principal in shooting the conductor.

The first ground in the motion for a new trial complains that the court erred in admitting what purported to be a confession of the

defendant, the reasons assigned in the bill being: "Objected to by his counsel for the reason that the same was not such a statement as the law contemplates may be offered in evidence against the defendant, and because it was not a voluntary statement, and because the same was the act of a little ignorant negro boy who could not read, and that if he had signed the same he did not know what he was doing, and the same was not admissible against him for any purpose." The bill does not contain the confession admitted in evidence, and is incomplete in this respect, and for this reason the question is not properly presented to this court for review. A bill of exceptions must contain all of the proceedings complained of and the facts incident thereto, so that this court may intelligently pass on the matter from the bill alone, without referring to the statement of facts, or other facts of the record. But if we turn to the statement of facts, we find that the alleged confession contains all the essentials that this court has held essential to render it admissible in evidence. The statement says:

"I, Lawrence Johns, being now under arrest and in the custody of H. W. Randal, sheriff of Bosque County, Texas, on a charge of assault with intent to murder, after having been cautioned and warned by the said H. W. Randal, to whom this statement and confession is made, first, that I do not have to make any statement at all; second, that any statement made by me may be used in evidence against me on my trial for the offenses concerning which this confession is made, do now here, after being so cautioned and warned, voluntarily make the following written statement and confession concerning said offense:"

This warning is in literal compliance with the statute, and the opinion of a majority of this court in the cases of Henzen v. State, 62 Texas Crim. Rep., 336, 137 S. W. Rep., 1141, and Burton v. State, 62 Texas Crim. Rep., 402, 137 S. W. Rep., 1145. The writer of this opinion did not agree with the majority of the court in this construction, as will be seen in the dissenting opinion in the Henzen case, yet we have followed that construction since that opinion was rendered, and inasmuch as the confession, with regard to warning, etc., met the requirements announced in those cases, the objections made in the bill were properly overruled by the court.

Appellant objects to the twenty-sixth paragraph of the court's charge, "because this law is in conflict with article 34 of White's Annotated Penal Code, and is unconstitutional." Article 34 of the Penal Code, provides: "No person shall in any case be convicted of any offense committed before he was of the age of nine years; nor any offense committed between the ages of nine and thirteen unless it shall appear by proof that he had discretion sufficient to understand the nature and illegality of the act constituting the offense." Inasmuch as, according to the defendant's theory, he was over fourteen years of age, and under the State's theory, more than six-

teen, this article of the statute had no application, and that provision
of the law providing for the incarceration of defendants under sixteen
years in the reformatory, instead of the penitentiary, is not uncon-
stitutional, but is a wise and salutary provision of the law.

The next assignment of error is: "The trial court committed an
error in that part of his main charge wherein he attempted to charge
the law defining who are principals, and the same is here now assigned
as error." This is too general to be considered. It points out no
error, and gives to this court no information as to what part of said
charge is a mistake, nor what part thereof is calculated to injure the
rights of the defendant. Article 723 of the Code of Criminal Pro-
cedure, provides that the judgment of trial courts shall not be reversed
by this court unless the error appearing from the record was calcu-
lated to injure the rights of the defendant, which error shall be
excepted to at the time of the trial, or on motion for new trial.
See Pena v. State, 38 Texas Crim. Rep., 333; Bailey v. State, 45 S.
W. Rep., 708; Godwin v. State, 39 Texas Crim. Rep., 404. While
we do not wish to be understood as approving the charge on prin-
cipals in toto, yet, as no errors are pointed out in the motion for a
new trial, and the court instructed the jury fully on the defensive
theory of defendant, no such error was committed as was calculated
to injure appellant. The case, in so far as his defense under the
evidence, was presented in a very favorable light.

The only other ground in the motion is that appellant should have
been granted a new trial on the ground of newly discovered evidence,
in that Trave Jones would testify that defendant was not sixteen
years of age at the time of the commission of the offense. The objec-
tion in this respect is: "Defendant since this trial, to wit, on the
25th day of April, 1911, received information of this newly discov-
ered evidence in the manner following, to wit: J. P. Word, who
since said trial has been employed to defend this defendant in another
case growing out of the same facts and circumstances informed him
on today about the whereabouts of said witness and as to the mate-
riality of his evidence, and defendant believes said information to be
true, and that said newly discovered evidence can be produced on
another trial of this cause. Supporting affidavits can not be filed
herewith because of the want of time."

The affidavit of Mr. Word is not attached, showing that he had so
told defendant, nor the source of his information. The evidence in
the case shows that in the confession made to the county attorney,
defendant stated he was sixteen years old in May, 1910. On this
trial defendant stated he did not know when he was born, nor how old
he was. His father in direct examination stated defendant was
born on the 8th of May, 1896, which would make the defendant not
quite fifteen years old at the date of the commission of this offense.
However, on cross-examination his father stated: "Defendant was
born in Waco, and we lived there six or seven years; after that we

lived in Waxahachie about two years, and have lived in Fort Worth ten or eleven years." This would make defendant more than sixteen years of age, and this issue was submitted to the jury and they found against appellant's contention. If he was born on Trave Jones' place, defendant and his father knew this fact as well before as after the trial of the case.

No reversible error being complained of in the motion for a new trial, the judgment is affirmed.

*Affirmed.*

[Rehearing denied November 29, 1911.—Reporter.]