No. 21,925.

THE STATE OF KANSAS, *Appellee*, v. JOSIE DUNKERTON, *Appellant*.

### SYLLABUS BY THE COURT.

INDUSTRIAL FARM FOR WOMEN—*Convicts Punishable by Both Fine and Detention*. The act establishing a state industrial farm and providing for detention there of females above the age of eighteen years, convicted of criminal offenses (Laws 1917, ch. 298), does not forbid the assessment of a fine when the statutory penalty for the offense embraces fine as well as detention.

Appeal from Montgomery district court; JOSEPH W. HOL-DREN, judge. Opinion filed November 9, 1918. Affirmed.

*Charles Bucher*, and *Dallas W. Knapp*, both of Coffeyville, for the appellant.

*S. M. Brewster*, attorney-general, *Thurman Hill*, county attorney, and *George D. Higgins*, assistant county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant was convicted of violating the prohibitory liquor law. She was sentenced to pay a fine and to be committed to the state industrial farm for women. She appeals from the portion of the sentence assessing the fine.

The fine was assessed pursuant to section 1 of chapter 215 of the Laws of 1917, commonly known as the bone-dry law.

The State v. Dunkerton.

The ground of the appeal is that, as to the defendant, the provision for fine was repealed by an act passed later in the same legislative session, chapter 298, establishing a state industrial farm, and providing for detention there of females above the age of eighteen years convicted of criminal offenses.

Section 23 of chapter 298, the repealing section, reads as follows:

"All laws and parts of laws relating to the management, control, sentence and imprisonment of females over the age of eighteen in conflict with this act are hereby repealed."

This section of itself repealed nothing, and the substantive provisions of the act must be examined to determine how far they are inconsistent with other statutes. The title of the act reads as follows:

"AN ACT establishing an institution for the detention and care of women convicted of criminal offenses, providing for the government of the same, and making appropriation therefor."

All the provisions of the act are strictly relevant to the subject thus expressed. Section 5 relates to sentence on conviction of an offense punishable by imprisonment, and is confined strictly to detention. Nothing else in the act affords the slightest intimation that punishment for crime shall be limited to detention, and the court concludes the legislature intended to do no more than discontinue imprisonment in the county jail and in the penitentiary, and substitute restraint at the state industrial farm.

The provisions for the release of women committed to the state industrial farm appear to be such as to forbid detention for the payment of fines and costs; but they do not forbid the assessment of fines and costs according to the penal laws denouncing them.

The judgment of the district court is affirmed.