No. 22,440.

THE STATE OF KANSAS, *Appellee,* V. JOHANNA ADAMS, *Appellant.*

### SYLLABUS BY THE COURT.

STATUTE—*Establishing State Industrial Farm for Women—Statute Constitutional and Not Discriminative. In re Dunkerton,* 104 Kan. 481, 179 Pac. 347; *The State v. Heitman,* 105 Kan. 139, 181 Pac. 630; and *The State v. Dunkerton,* 103 Kan. 748, 175 Pac. 981, followed.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed February 7, 1920. Affirmed.

*Elisha Scott,* of Topeka, for the appellant.

*R. J. Hopkins,* attorney-general, and *Hugh T. Fisher,* county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: Johanna Adams pleaded guilty to charges of having unlawful possession of intoxicating liquor and of maintaining a common nuisance, and received an indeterminate sentence to the state industrial farm for women. She appeals on the ground that the statute authorizing such sentence (Laws 1917, ch. 298, § 5) is unconstitutional because it makes an unwarrantable discrimination between men and women, in that for the same offense (1) the period of commitment of the former is definite and the latter indefinite, and (2) "men are permitted to be fined while women are not." The first contention is fully disposed of in *In re Dunkerton,* 104 Kan. 481, 179 Pac. 347, and *The State v. Heitman,* 105 Kan. 139, 181 Pac. 630. The defendant is in no position to raise the question supposed to be involved in the second contention, because the fine referred to is required to be imposed in addition to the imprisonment, and not as an alternative, and therefore the discrimination, if any, would be against the men, and not the women. However, women as well as men are subject to the fine (*The State v. Dunkerton,* 103 Kan. 748, 175 Pac. 981), and it was assessed in this case, so there is no room for a claim of discrimination in this regard.

The judgment is affirmed.