*516
 
 By the Court.
 

 It is the contention on behalf of the applicant, Virginia Brady, that Section 2148-9, General Code, is in conflict with Section 1, Article XIV, of the Constitution of the United States, in that the same punishment is not given to male violators of the same section of the Code which Virginia Brady is charged with having violated, and that she is .therefore deprived of equal protection of the law, because there is no indeterminate sentence for men found guilty of a misdemeanor.
 

 It is an elementary rule of statutory construction, that, when possible, such a construction shall be given as will render the statute constitutional rather than otherwise, and a construction upholding the constitutionality of a statute is to be favored.
 

 That the Legislature intended to make Section 2148-9, General Code, apply to misdemeanors as well as to felonies is evidenced by the amendment of 1925 (111 Ohio Laws, 247, 248). It will be noted, by a comparison of Section 2148-9 as it stands at the present time with the language prior to the amendment (103 Ohio Laws, 672, Section 15), that formerly the provision read, “But the term of such imprisonment for felony shall not exceed the maximum term. * * * In case of commitments for misdemeanor or delinquency the term of such imprisonment shall not 'be more than three years,” etc., while by the amendment, quoted above, the section now. reads; ‘ ‘ The term of imprisonment of persons shall be terminated by the Ohio board of administration as authorized by this act, but the term of such imprisonment shall not exceed the
 
 *517
 
 maximum term nor be less than the minimum term provided by law for the offense for which such person is sentenced.”
 

 It is therefore to be noted that the Legislature used the word “offense” as covering both felonies and misdemeanors, and such is its undoubted generic meaning.
 

 “An offense is an act or omission forbidden by positive law, and to which is annexed, on conviction, any punishment prescribed in this Code.”
 
 Hardin
 
 v.
 
 State,
 
 39 Tex. Cr. R., 426, 46 S. W., 803.
 

 “The terms ‘crime,’ ‘offense,’ and ‘criminal offense’ are all synonymous, and ordinarily used interchangeably, and include any breach of law established for the protection of the public, as distinguished from an infringement of mere private rights, for which a penalty is imposed or punishment inflicted in any judicial proceeding.”
 
 State
 
 v.
 
 West,
 
 42 Minn., 147, 43 N. W., 845.
 

 “Offense” is defined by Bouvier to mean “the doing of that which a penal law forbids to be done, or omitting to do what it commands. ’ ’ It has been held that the terms “offense” and “crime” are synonymous.
 
 People ex rel. Kopp
 
 v.
 
 French et al., Police Com’rs.,
 
 102 N. Y., 583, 7 N. E., 913. Abbott’s Law Dictionary says:
 

 “An offense is a breach of the laws established for the protection of the public, as distinguished from an infringement of mere private rights; a punishable violation of law; a crime; also, sometimes, a crime of lesser grade; a misdemeanor.”
 

 In
 
 Moore, Ex’r.,
 
 v.
 
 People of Illinois,
 
 14 How., (55 U. S.), 13, 14 L. Ed., 306, the court said:
 

 
 *518
 
 “An offense, in its legal signification, means the transgression of a law.”
 

 See
 
 Cruthers
 
 v.
 
 State,
 
 161 Ind., 139, 147, 67 N. E., 930, 932.
 

 Century dictionary defines “offense” as “a crime or misdemeanor.”
 

 With this well-established meaning of the word “offense” as used in Section 2148-9, General Code, we are led to the conclusion that the same was used as a generic word, including both felonies and misdemeanors, as the same had been used in the section prior to the amendment. By the first section of the act creating the reformatory for women (Section 2148-1) it is specifically said that the same shall be used for those convicted of misdemeanors. We do not believe that the Legislature intended to deprive female misdemeanants of the results of reformatory and corrective treatment in such an institution as the Marysville reformatory for women, and to relegate them back to the workhouses and jails of the state, where under the general law they would have to be sent, if this act is held to be unconstitutional, or to fixed sentences in the Marysville reformatory for women, where their stay might be of so short a time as not to secure the corrective benefit of the institution.
 

 As was said in
 
 Platt
 
 v.
 
 Commonwealth,
 
 256 Mass., 539, 152 N. E., 914:
 

 “It can hardly be presumed that it was the purpose of the Legislature, in establishing a special reformatory institution for women, to prevent the sending thereto of women found guilty of such a large number of offenses. The inference- from general experience is that, if all who commit any
 
 *519
 
 misdemeanors thus punishable are to be excluded from the possibility of being sent to the reformatory for women, a considerable class of female offenders would be deprived of the corrective influences designed to be there afforded.”
 

 It is to be noted, however, that in Massachusetts there seems to be an indeterminate sentence for men, for misdemeanors, as well as for women. To this extent this case may be distinguished.
 

 “The constitutionality of statutes providing for the detention of juveniles who have been convicted of offenses punishable by imprisonment for a period of time and at a place different from that of more mature offenders has often been upheld, as against the contention that unequal penalties are thus imposed.” 3 A. L. R., 1614;
 
 Ex parte Liddell,
 
 93 Cal., 633, 29 P., 251;
 
 Taylor
 
 v. Means, 139 Ga., 578, 77 S. E., 373;
 
 People ex rel. Bradley
 
 v.
 
 Illinois State Reformatory,
 
 148 Ill., 413, 36 N. E., 76, 23 L. R. A., 139;
 
 Commonwealth
 
 v.
 
 Pear,
 
 183 Mass., 242, 66 N. E., 719, 67 L. R. A., 935;
 
 State ex rel. Schulman
 
 v.
 
 Phillips,
 
 73 Minn., 77, 75 N. W., 1029;
 
 Ex parte Walker,
 
 28 Tex. App., 246, 13 S. W., 861;
 
 Johns
 
 v.
 
 State,
 
 63 Tex. Cr. R., 416, 140 S. W., 1093;
 
 Ex parte Nichols,
 
 110 Cal., 651, 43 P., 9; 16 Corpus Juris, 1353.
 

 In the case of
 
 People ex rel. Duntz
 
 v.
 
 Coon,
 
 67 Hun, 523, 22 N. Y. S., 865, it is held that an act is not repugnant to the prohibition of the Fourteenth Amendment to the federal Constitution, against legislation by the states denying to any person the equal protection of the laws, in that it provides for women between the ages of 15 and 30, guilty of misdemeanor, a punishment differ
 
 *520
 
 ent in place and period from that prescribed by law for persons of a different age. In the opinion, at page 525 (22 N. Y. S., 870), it is said:
 

 “The statute under consideration does not violate the provisions of the federal Constitution * * * because it applies equally to all females between the ages of 15 and 30 convicted of a misdemeanor. As all of the age stated are subject to its provisions it does not have the effect of denying to any person the equal protection of the law. Also the house of refuge created by the act being a reformatory, not a state prison, the Legislature may legally provide for the sending of young persons to such an institution with a view to their reformation. The power of the Legislature to prescribe different places of detention and different periods of confinement for criminals of different ages committing the same crime has been too long exercised to be now questioned.”
 

 If, by reason of age, and in the interest of the individual and society, a different period of time and place of imprisonment from that meted out to offenders of more mature years can be said to be constitutional, it must follow that a discrimination based upon sex would be equally constitutional.
 

 The precise question in the case at bar was .before the Supreme Court of Kansas on three different occasions:
 
 In re Dunkerton,
 
 104 Kan., 481, 179 P., 347, 3 A. L. R., 1611;
 
 State
 
 v.
 
 Heitman,
 
 105 Kan., 139, 181 P., 630, 8 A. L. R., 848;
 
 State
 
 v.
 
 Adams,
 
 (1920) 106 Kan., 278, 187 P., 667, The Kansas statute in reference to the state industrial farm for women is very similar to the Ohio statute.
 

 
 *521
 
 The syllabus of the case of
 
 State
 
 v.
 
 Heitman, supra,
 
 is as follows:
 

 “Chapter 298 of the Laws of 1917, establishing an institution known as the state industrial farm for women, for the detention and care of women convicted of criminal offenses, does not violate any of the provisions of the Fourteenth Amendment to the Constitution of the United States, because a woman convicted of misdemeanor is sentenced to the farm for an undetermined period, with a maximum limit, while a man convicted of the same misdemeanor is sentenced, under the general law, to the county jail for a definite period, within the same maximum limit.”
 

 Separate institutions for women of the character of the Marysville reformatory have been established in many states, wherein indeterminate terms for misdemeanants are provided. 8 Journal of Criminal Law and Criminology, 520.
 

 It is, of course, conceded that Section 2148-9, General Code, is applicable to felonies, but it is claimed that it should be applicable to felonies only. We believe, as in the Kansas cases cited above, that under the statute as at present existing, and especially in view of the amendment thereof, noted above, it was the intent of the Legislature to apply the benefits of the reformatory institution to misdemeanors as well as to felonies. The vital question involved, therefore, is whether female offenders, sentenced to imprisonment for violation of some misdemeanor statute, shall be confined in some of the various jails or workhouses of the state, under the conditions there
 
 *522
 
 in prevailing, or shall he confined in the Ohio state reformatory for women, at Marysville, for fixed terms, which may be so short as not to receive the real benefit of the reformatory treatment.
 

 ' In view of the fact that a male offender violating Section 1654, General Code, might have been sent to a workhouse or jail for a period of one year, and a female offender violating the same section is equally liable to be confined in the reformatory for women for a like period of one year, in so far as the maximum of the statute is concerned we cannot concede that there is a difference in the penalty imposed upon the man or the woman in question. We think that, so long as both the man and the woman may not be imprisoned for a longer or lesser period than that fixed by the statute, there is no discrimination in classification. Even when fixed sentences are imposed two persons convicted of the same offense may receive different sentences in point of length of time, yet no constitutional right is violated. The fact that the judge of the juvenile court, in passing the sentence upon Virginia Brady, through inadvertence or otherwise, made said sentence a fixed term, does not ¡militate in favor of Virginia Brady, for the reason that said judge had no lawful right to sentence the applicant to the reformatory for women for a fixed period, because all sentences thereto, under Section 2148-9, General Code, must be general; and by the terms of the statute they so operate.
 

 In
 
 Ughbanks
 
 v.
 
 Armstrong, Warden,
 
 208 U. S., 481, 28 S. Ct., 372, 52 L. Ed., 582, it was held:
 

 “The Fourteenth Amendment to the federal Con
 
 *523
 
 stitution does not limit the power of the state in dealing with crime committed within its own borders or with the punishment thereof.- But a state must not deprive particular persons- or classes of persons of equal and impartial justice.
 

 “This court follows the construction of an indeterminate sentence law by the highest court of the state, to the effect that where the maximum term of imprisonment for a crime has been fixed by statute a maximum term fixed by the court of a shorter period is simply void.”
 

 In conclusion, we are of opinion that the power over punishment for crime is vested in the Legislature, subject to constitutional limitations, and that in order to provide reformatory and corrective influences for females convicted of or pleading guilty to misdemeanors, and to prevent their incarceration in the jails or workhouses of the state under general law, or to the reformatory for fixed periods so short-as not to receive the corrective influence of the institution, the Legislature had power to pass a law providing for their detention and care for an indeterminate period, not to exceed the maximum term or be less than the minimum term provided by law for the offense for which such person is sentenced. Such law does not violate Section 1, Article XIV, of the Constitution of the United States, because a man convicted of the same misdemeanor is sentenced under the general law to a county jail or workhouse for a different period within the same maximum limit. Such classification is not unreasonable because, with a.view to reformation, it provides corrective treatment for a female different from the male offender.
 

 
 *524
 
 Entertaining the view that no constitutional right of the applicant, Virginia Brady, has been violated, we are not disposed to reverse the conclusion announced in the second proposition of the syllabus in
 
 In re Fenwick,
 
 110 Ohio St., 350, 144 N. E., 269, and it therefore follows that the writ of
 
 habeas corpus
 
 must be denied.
 

 Writ denied.
 

 Marshall, C. J., Day, Kinkadb and Matthias, JJ., concur.
 

 Jones, J., not participating.