No. 31,285

The State of Kansas, ex rel. Warren B. Grant, as County Attorney of Montgomery County, *Appellee,* v. Mel Gibson, as Sheriff of Montgomery County, *Appellant.*

(26 P. 2d 284.)

Opinion filed November 11, 1933.

*Richard L. Becker,* of Coffeyville, for the appellant.

*Roland Boynton,* attorney-general, and *Warren B. Grant,* county attorney, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This action was brought in the district court of Montgomery county to compel Mel Gibson, as sheriff of the county, to receive and confine in the county jail Pearl Thompson, a female person who had been convicted on a charge of assault and battery, sentenced to pay a fine of one dollar and the costs taxed at $17, and it was alleged that she had failed to pay the fine and costs. Thereupon a commitment in due form was issued to the sheriff, who refused to execute it. An alternative writ was issued reciting a conviction, failure to pay the fine and costs, and the refusal of the sheriff to commit the female to the county jail. On a motion to quash the alternative writ, the issue was raised as to the duty of the sheriff in the premises. The motion to quash was overruled, the court holding that it was the duty of the sheriff to commit Pearl Thompson to the county jail, and this appeal followed.

On behalf of the sheriff it is contended that under the industrial farm act a female convict cannot be confined in a county jail in order to compel payment of fine and costs. It is conceded that there is no express provision in the act forbidding such imprisonment, but it is insisted that the theory of the act is wholly contrary to the confinement of a female prisoner in the county jail.

Reference is made to *In re Dunkerton,* 104 Kan. 481, 179 Pac. 347, in which it was said:

"The purpose of the act of 1917 is to ameliorate the condition of women who have been convicted of an offense punishable by imprisonment. Under the act women are not subjected to the debauching influence of the county jail and of the penitentiary and of the close confinement therein, but are placed in a field where labor is pleasant and restraint is limited, and where the evil influence of other persons convicted of crime is minimized. The act seeks to improve, to educate, and to build up; not to punish." (p. 483.)

As to the purpose of the act see, also, *State v. Heitman,* 105 Kan. 139, 181 Pac. 630.

In the industrial farm act, R. S. 76-2505, is the provision:

"Every female person, above the age of eighteen years, who shall be convicted of any offense against the criminal laws of this state, punishable by imprisonment, shall be sentenced to the state industrial farm for women, but the court imposing such sentence shall not fix the limit or duration of the sentence, . . ."

It will be noticed that the provision in the section quoted is that a female convicted of an offense punishable by imprisonment is to be sentenced to the state industrial farm. In the present case the offense of which Pearl Thompson was convicted is not one punishable by imprisonment. The penalty for that offense was a fine. If the offense had been punishable by imprisonment, the court of course under the act would have sentenced her to the farm. There is a recognized difference between punishment to be adjudged for a crime and of measures provided for the enforcement of the judgment, and it has been held that the requirement that defendant pay a fine and costs and stand committed until the fine and costs are paid, is no part of the punishment for a crime charged to have been committed and of which the prisoner has been found guilty. In the case of *In re Boyd, Petitioner,* 34 Kan. 570, 9 Pac. 240, Boyd was convicted of an offense and the punishment assessed was a fine and that he be committed until the fine and costs were paid. A general pardon for the offense committed was granted to Boyd by the governor, and the board of county commissioners made an order under criminal code 253 releasing Boyd from imprisonment, and he alleged that the pardon and order of the county commissioners rendered his imprisonment illegal. The court held that the pardon and release did not acquit Boyd of liability for the fine and costs. Among other things it was said:

"A judgment against a defendant in a criminal prosecution for costs, and

that he be imprisoned in the county jail until such costs are paid, is not a part of the punishment inflicted upon him. (Citing cases.) Such a judgment is merely a means of enforcing the legal obligation resting upon the defendant to pay the costs which he, by his original wrongful act and his subsequent acts, has caused to be made, and which have accrued in the prosecution subsequent to the act for which he is punished; and these costs have not accrued to the public merely, but have accrued to individuals, and are given to such individuals as compensation for their services. . . ." (p. 573.)

In *State v. Baxter*, 41 Kan. 516, 21 Pac. 650, the defendant was found guilty of assault and battery and sentenced to pay a fine of one dollar and to stand committed until the fine and costs were paid. On the question involved here it was said:

"The order committing the defendant to the jail of the county until the fine and costs are paid is no part of the sentence, and the imprisonment is no part of the punishment inflicted for the commission of the offense. It is only a means provided for the enforcement of the penalty imposed in the sentence or judgment." (p. 517.)

In 25 C. J. 1157 it is stated:

"A direction in a sentence imposing a fine that defendant stand committed until the fine is paid is no part of the penalty for the offense, but is merely a means of compelling obedience to the judgment of the court. If he refuses to pay, he is not sentenced to a term in prison; the duration of his imprisonment is in his own control; by payment of the fine he can at any time secure his release, . . ."

In the same volume, at page 1160, is the following:

"A constitutional provision forbidding indefinite imprisonment is not violated by a sentence imposing a fine and directing the commitment of defendant until it is paid, for the reason that the punishment is the fine, and the committing to custody is only a means of its enforcement, . . ."

See, also, *Mikesell v. Wilson County*, 82 Kan. 502, 108 Pac. 829.

As the industrial farm act only provides for the detention of females convicted of offenses punishable by imprisonment, it has no application to the case of Pearl Thompson, where the offense of which she was convicted was not punishable by imprisonment. That act makes no provision for the enforcement of the payment of fine and costs by detention on the industrial farm (*State v. Dunkerton*, 103 Kan. 748, 175 Pac. 981), nor does the act in terms repeal other provisions of the criminal code which prescribe how judgments for fine and costs shall be enforced. There is a statute which specifically prescribes what action shall be taken for enforcement in such cases. It provides:

"When the defendant is adjudged to pay any fine and costs, the court shall

order him to be committed to the jail of the county until the same are paid." (R. S. 62-1513.)

The industrial farm act does not provide any substitute for this feature of procedure, does not repeal the one provided for nor touch upon the subject, and evidently the legislature did not intend to annul specific provisions for the enforcement of judgments for fine and costs only.

We think the court reached the correct conclusion in overruling the motion to quash the alternative writ, and its judgment is affirmed.

HUTCHISON, J., not sitting.