No. 33,534

In the Matter of the Application for a Writ of Habeas Corpus by EMMA LEE, *Petitioner,* v. KIRK PRATHER, Warden of the Kansas State Penitentiary, and SARAH MAE CAIN, Superintendent of the Kansas State Industrial Farm for Women, *Respondents.*

(71 P. 2d 868)

Opinion filed October 9, 1937.

*T. W. Bell,* of Leavenworth, for the petitioner.

*Clarence V. Beck,* attorney general, and *J. S. Parker,* assistant attorney general, for the respondents.

The opinion of the court was delivered by

THIELE, J.: By proceedings in habeas corpus, petitioner seeks release from the Kansas state industrial farm for women.

About April 21, 1937, a son of the petitioner, while attending school in Doniphan, Kan., was punished for some infraction of the school discipline. Upon learning of this, the mother went to the school and became involved in a quarrel with the schoolteacher, as a result of which she was arrested on a warrant issued out of the county court of Doniphan county, charging assault and battery.

On April 22, 1937, she was arraigned and pleaded not guilty, and informed the court that persons were coming from Atchison who would sign her bond. Later they appeared with an attorney from Atchison, who stated he had informed defendant and the persons intending to be bondsmen that he could not represent her and suggested they get local counsel. Later on the same day, defendant, her two brothers and a local attorney appeared in court and upon application the cause was continued to April 26, 1937, the defendant being released upon bond. At the hearing on April 26 the state appeared by the county attorney. The court inquired of defendant if her attorney was coming, and she replied she did not want an attorney. The court then explained to her her rights under the law, asked if she was ready for trial and if she desired a trial by a jury. She stated she was ready and waived a jury. As a result of the trial she was found guilty and ordered committed to the state industrial farm for women until discharged by law. No appeal being taken, she was so committed.

On May 12, 1937, original proceedings in habeas corpus were commenced in this court, the petitioner alleging that her imprisonment is illegal in that she was never legally tried; that she was not represented by counsel nor given an opportunity to have legal advice; that there is no statute authorizing an indefinite sentence; that the sentence is for an indefinite time and there was no legal commitment and that the trial court was without jurisdiction over her and without power and authority to try, sentence and commit her. The argument based on the above allegations is that petitioner did not have a fair trial in which her rights were fully recognized and protected, and that even if properly found guilty she should not have been committed to the state industrial farm for women, but should have been fined or committed to the county jail. The answer of the superintendent of the state industrial farm for women sets up the record of the trial and commitment and denies the petitioner is unlawfully detained. Affidavits in support have been furnished.

It may be observed, first, that the record does not disclose positively under what statute the petitioner was prosecuted, but we assume that it was G. S. 1935, 21-436, denouncing what is commonly called "simple assault." It provides a penalty of a fine not exceeding $500 or imprisonment not exceeding one year. This statute has been the law of this state since 1868. For what was conceived to be humanitarian purposes and reasons, the legislature enacted Laws

1917, ch. 298, § 5, providing that female persons over the age of eighteen years, convicted of an offense against the criminal laws of the state punishable by imprisonment, should be sentenced to the state industrial farm for women (established by the act), the limit or duration of the sentence not to be fixed by the trial court, but the term to be determined by the state board of administration as provided in the act. By section 10 of the act, it was provided that if through oversight or otherwise a sentence for a definite time be imposed, it shall not be void, but the person so committed shall have the benefit of the act. Neither of these sections have been amended and now appear as G. S. 1935, 76-2505 and 76-2510. The entire act has been held not violative of the state or federal constitutions (*In re Dunkerton,* 104 Kan. 481, 483, 179 Pac. 347; *State v. Heitman,* 105 Kan. 139, 140, 181 Pac. 630; *State v. Adams,* 106 Kan. 278, 187 Pac. 667); that it does not apply to conviction under a city ordinance (*In re Hurston,* 112 Kan. 238, 239, 210 Pac. 495), nor to offenses punishable only by a fine (*State, ex rel., v. Gibson,* 138 Kan. 457, 458, 26 P. 2d 284). In the case at bar the offense was against the laws of the state and prosecuted in the county court, and was punishable by imprisonment. An examination of the facts of this case and of our previous decisions convinces us that petitioner's contention that the trial court was without jurisdiction of her person and of the offense charged, and that it was without authority to sentence her to the state industrial farm for women and to commit her thereto, cannot be upheld.

Petitioner contends that she did not have a fair and impartial trial such as is guaranteed under the constitution and laws of this state, especially in that she was not represented by counsel, nor given an opportunity to obtain counsel. The record does not support the claim—it refutes it. Before the trial, petitioner consulted counsel. On the day of the trial she conferred with counsel before the trial started. When it did start she informed the court she did not want an attorney and that she was ready to proceed. The trial was held on the fifth day after the offense and on the fourth day after her arrest and arraignment. That she consulted counsel is clear; as to why she did not have counsel at the trial, we need not speculate. The record clearly discloses that she was not only not deprived of the right to counsel, but that before the trial was under way the trial court made inquiry and she stated she did not want an attorney.

Some complaint is also made that petitioner's rights were preju-

diced in that she was not informed and was not aware she had but twenty-four hours in which to take an appeal. At no place in the record is there any suggestion that petitioner indicated to the trial court any desire or intention to appeal to the district court. It is alleged in the petition that on the second day after conviction her brother was advised to appeal her case and went to the trial judge in an effort to do so, and was informed it was too late. In discussing the petitioner's contentions, no effort has been made to segregate those which might properly be presented in habeas corpus proceedings, and those which should properly be raised by an appeal.

Where the petitioner was convicted of a misdemeanor in the county court and took no appeal and the time for appeal has expired, she may, in habeas corpus proceedings, question the constitutionality of the statute under which she was sentenced and committed to the state industrial farm for women (*In re Jarvis,* 66 Kan. 329, 71 Pac. 576). That question we have answered, and we have considered her contention that she was not afforded an opportunity to consult counsel or to be represented by counsel. The other contentions have been mentioned, but as to them the rule in *In re Corum,* 62 Kan. 271, 62 Pac. 661, 84 Am. St. Rep. 328, reciting—

"Where a final judgment of conviction is rendered by a court of competent jurisdiction, errors or irregularities in the proceedings or in the force and effect given to the testimony or any decision made by it on questions of law and fact within its jurisdiction cannot be reviewed collaterally or corrected by *habeas corpus.*" (Syl. ¶ 3.)

must be applied. And see *Levell v. Simpson,* 142 Kan. 892, 52 P. 2d 372, where in the syllabus it is said:

"Habeas corpus is not a substitute for a timely motion for a new trial, nor for a timely appeal, as a means of correcting allegated procedural irregularities."

We have, however, examined the petition, answer and the exhibits attached to each, and the affidavits submitted. They disclose there was little dispute at the trial as to what occurred when the offense was committed; that petitioner committed an assault was not disputed; the only point raised by petitioner was that she did not start the trouble. The trial court found her guilty; she did not appeal. Were we to treat the matter as though an appeal had been perfected, on the record there would have to be an affirmance.

Considering only those matters properly cognizable in proceedings in habeas corpus, we must hold petitioner is not entitled to the writ, and it is denied.