CITY OF CHILLICOTHE, APPELLANT, *v.*
HERRON, APPELLEE.

(No. 889—Decided July 1, 1982.)

*Mr. James E. Barrington,* director of law, for appellant.

*Mr. Alfred Baerkircher,* for appellee.

STEPHENSON, J. This is an appeal by the prosecution from a judgment entered by the Chillicothe Municipal Court expunging a prior criminal conviction of defendant-appellee, James A. Herron. The following errors are assigned:

"1. The Appellee is not a first offender.

"2. There was no evidence adduced to show Appellee had been rehabilitated.

"3. There was no evidence adduced to show that the sealing of Appellee's record herein is consistent with the public interest."

On August 9, 1974, appellee pled guilty in the Chillicothe Municipal Court to the crime charged under sexual imposition in violation of Section 533.04(A-1) of the Ordinances of the city of Chillicothe and was fined $100 and sentenced to thirty days in the county jail. After serving one week, he was placed upon one-year probation as to the remainder of the jail sentence. On January 2, 1981, appellee filed a motion to expunge his prior conviction pursuant to R.C. 2953.31 *et seq.*

The appellant contested the expungement upon the ground that appellee was not a "first offender" as defined in R.C. 2953.31 in that appellee on February 19, 1980 had been previously convicted of an R.C. 4511.21 speeding violation. The lower court found that appellee's admitted speed violation was not a "first offense" as defined in R.C. 2953.31 and issued a journal entry expunging appellee's prior criminal record with regard to the sexual imposition charge.[1]

R.C. 2953.32(C) sets forth the requirements in order for one to have a prior criminal record expunged. R.C. 2953.32(C) provides, in pertinent part, as follows:

"If the court finds that the applicant is a first offender, that there is no criminal proceeding against him, that his rehabilitation has been attained to the satisfaction of the court, and that the sealing of the record of his conviction is con-

---

[1] We find unpersuasive that view adopted below that it was legislatively intended by R.C. 2953.36 to preclude the offenses enumerated therein from a determination of a first offender status. R.C. 2953.36 provides, "Sections 2953.31 to 2953.35 of the Revised Code do not apply to convictions when the offender is not eligible for probation, or convictions under Chapter 4507, 4511, or 4549 of the Revised Code." It necessarily follows that if that interpretation is correct, the whole panorama of criminal offenses where no probation is al- lowed, including murder and rape (see R.C. 2951.02), also could not be considered. We cannot ascribe an intention to the General Assembly to require such a paradoxical and absurd result of precluding the court from considering non-probational offenses upon the first offender status, yet allow the use for such purpose of less serious probational offenses. Manifestly, the intention in the enactment of R.C. 2953.36 was to preclude, albeit for different policy reasons, the expungement of the offenses therein enumerated.

sistent with the public interest, the court shall order all official records pertaining to the case sealed * * *."

The term "first offender" is defined in R.C. 2953.31 as follows:

"As used in sections 2953.31 to 2953.36 of the Revised Code, 'first offender' means anyone who has once been convicted of an offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction."

Appellant, in its first assignment of error argues that the term "offense" contained in the R.C. 2953.31 definition of "first offender" means a person who violates any criminal statute, including traffic offenses.

The term "offense" although not defined in R.C. Chapter 2953, is defined in R.C. 2935.01(D) as to include "felonies, misdemeanors, and violations of ordinances of municipal corporations and other public bodies authorized by law to adopt penal regulations."

In *State* v. *Walsh* (C.P. 1975), 73 O.O. 2d 498, the court construed R.C. 2953.31 to include in the definition of offense, prior misdemeanor convictions. In *Walsh, supra,* the court relied upon *In re Brady* (1927), 116 Ohio St. 512, 517, which construed the term "offense" to mean as follows:

"* * * the Legislature used the word 'offense' as covering both felonies and misdemeanors, and such is its undoubted generic meaning.

" 'An offense is an act or omission forbidden by positive law, and to which is annexed, on conviction, any punishment prescribed in this Code.' *Hardin* v. *State,* 39 Tex. Cr. R., 426, 46 S.W., 803."

Additionally, in *State* v. *Thomas*

(1979), 64 Ohio App. 2d 141 [18 O.O.3d 106], the Cuyahoga County Court of Appeals interpreted "first offense" to include prior misdemeanor convictions.

Accordingly, we hold that in order for one to be a "first offender" as such term is defined in R.C. 2953.31, and therefore be entitled to expungement under R.C. 2953.32, the applicant must be a person with no other criminal convictions, including traffic offenses.

Although we view our interpretation of R.C. 2953.31 and 2953.32 as working a harsh result herein, we are unable to permit a strained interpretation of the above code sections to reach a just result in a single case. This court is not invoked with legislative powers and any change in the definition of "first offender" must come from the General Assembly. Appellant's first assignment of error is sustained.

Appellant's second and third assignments of error argue that there was no evidence for the court to find appellee to be rehabilitated and that expungement of the criminal record to be in the public interest.

Upon our review of the record, we find that except for the speed violation, there is nothing indicative that appellee has not been a law abiding citizen since the 1974 sexual imposition charge. Additionally, appellee successfully completed a one-year period of probation upon the sexual imposition charge.[2]

The criteria set forth in R.C. 2953.32(C) are matters the court considers based not strictly upon what party has the burden of proof but rather, upon the court's discretion, given the evidence and reports of investigation, if any, before the court. Under R.C. 2953.32(C) the court need only to find the applicant to have attained rehabilitation to the satisfaction of the court.

---

[2] Additionally, the record contains a handwritten yellow page memorandum dated "1/23/81" signed "B.W." and requesting a record check of appellee. On the same paper, under the date of "1/29/81" is a report that record checks disclosed only the speeding violation in addition to the sexual imposition conviction.

Accordingly, while the record is sparse, we find sufficient evidence to sustain the lower court's findings with regard to rehabilitation and public interest. Appellant's second and third assignments of error are overruled. However, because of the disposition of the first assignment of error, the judgment is reversed and final judgment entered in favor of appellant.

*Judgment reversed.*

GREY, P.J., and ABELE, J., concur.