THE STATE OF OHIO, APPELLEE, *v.* YACKLEY, APPELLANT.

[Cite as State *v.* Yackley (1989), 43 Ohio St. 3d 181.]

(No. 88-488—Submitted March 29, 1989—Decided June 14, 1989.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *William E. Breyer* and *David Prem,* for appellee.

*Michael L. Monta,* for appellant.

H. BROWN, J.  The sole question is whether under R.C. 2953.31 *et seq.,* prior to the 1984 amendment, a conviction for violating R.C. 4511.19 barred the expungement of the record of a conviction of another criminal offense. We answer this query affirmatively and affirm the decision of the court of appeals.

Prior to the 1984 amendment, R.C. 2953.31 *et seq.* provided for expungement of a defendant's record of conviction upon a finding (among other things) that the applicant was a first offender. 135 Ohio Laws, Part I, 70. R.C. 2953.31 defined a "first offender" for purposes of R.C. 2953.31 to 2953.36 as "* * * anyone who has once been convicted of an offense in this state or any other jurisdiction. * * *" This provision was amended in 1984 to read in part:

"(A) 'First offender' means anyone who has been convicted of an offense in this state or any other jurisdiction, and who has not been previously or subsequently convicted of the same or a different offense in this state or any other jurisdiction. * * *

"For purposes of, and except as

otherwise provided in, this division, * * * a conviction for a violation of any section in Chapter 4511., 4513., or 4549. of the Revised Code, * * * is not a previous or subsequent conviction. A conviction for a violation of section * * * 4511.19 * * * shall be considered a previous or subsequent conviction." 140 Ohio Laws, Part I, 2382, 2383.

Yackley's argument is based upon the premise that the legislature, by inclusion of drunk driving convictions (*i.e.,* violations of R.C. 4511.19) in the category of offenses which are considered to be previous or subsequent convictions, implicitly recognized that drunk driving convictions were not "offenses" as that term was used in the former version of the statute. Yackley contends that the term "offense" encompassed "criminal" offenses only. Drunk driving, he argues, is a traffic offense rather than a criminal offense because it is found in that part of the Revised Code pertaining to operation of motor vehicles (R.C. Title 45), rather than in the part pertaining to crimes (R.C. Title 29). Although his application for expungement was filed after R.C. 2953.31 was amended, Yackley argues that the amendment cannot be applied retrospectively in determining whether his pre-1984 drunk driving conviction is an "offense."

We need not reach the issue of retroactive application. Yackley is not entitled to expungement under either the earlier or the later statutory language. A conviction for drunk driving is a criminal offense. It requires proof beyond a reasonable doubt. The defendant has the right to a jury trial. A conviction carries a potential sentence of incarceration and a substantial fine. It is, therefore, an "offense" within the ordinary meaning of the word as used in the expungement statute prior to that statute's amend-

ment. Before the 1984 amendment, R.C. 2953.31 defined a "first offender" as anyone who had not been convicted of *any* offense, which must be construed to include traffic violations and drunk driving.

In *Chillicothe* v. *Herron* (1982), 3 Ohio App. 3d 468, 3 OBR 549, 445 N.E. 2d 1171, the court discussed the meaning of the term "offense" as used in former R.C. 2953.31. The court held that a conviction of sexual imposition could not be expunged since the applicant had subsequently been convicted of speeding in violation of R.C. 4511.21. The court observed that the term "offense," though not defined in the expungement statute, was defined in R.C. 2935.01(D). That definition included "felonies, misdemeanors, and violations of ordinances of municipal corporations and other public bodies authorized by law to adopt penal regulations." *Id.* at 469, 3 OBR at 550, 445 N.E. 2d at 1173. The court cited prior case law which construed the term "offense" to include both felonies and misdemeanors, including *State* v. *Walsh* (C.P. 1975), 73 O.O. 2d 498; *In re Brady* (1927), 116 Ohio St. 512, 5 Ohio Law Abs. 315, 157 N.E. 69.

Although it recognized the possibility of unfair restrictions upon expungement applications, the *Herron* court stated that it was constrained to apply R.C. 2953.31 as written. The court held that in order to be a first offender and entitled to expungement, the applicant must have no other criminal convictions, including traffic violations. *Id.* at 469, 3 OBR at 550-551, 445 N.E. 2d at 1172-1173. See, also, *State* v. *Thomas* (1979), 64 Ohio App. 2d 141, 18 O.O. 3d 106, 411 N.E. 2d 845 (conviction for malicious destruction of property could not be expunged because of three prior misdemeanors); *State* v. *Petrou* (1984), 13 Ohio App. 3d 456, 13 OBR 546, 469 N.E. 2d 974

(conviction for permitting drug abuse could not be expunged because of subsequent minor misdemeanor conviction of disorderly conduct by intoxication); *State* v. *Weber* (1984), 19 Ohio App. 3d 214, 19 OBR 359, 484 N.E. 2d 207 (defendant who was convicted of misdemeanor theft and was subsequently convicted of disorderly conduct before seeking expungement of theft conviction was not a first offender qualified for expungement of criminal record).

In sum, the appellant's arguments are defeated by the case law and the statutory language. Prior to the 1984 amendment, expungement of an offense could not be obtained by one who had been convicted of any other offense. A conviction under R.C. 4511.19 for drunk driving falls within the definition of "an offense in this state" as that term was used in former R.C. 2953.31.

The 1984 amendment specifically includes violations of R.C. 4511.19 in the category of offenses which act as a bar to expungement, and specifically excludes minor traffic convictions (those found in R.C. Chapter 4511, 4513 or 4549) from this category. 140 Ohio Laws, Part I, 2383. The General Assembly's purpose in amending the statute may have been to correct the result of the former statute, whereby relatively minor convictions (such as speeding) operated as a bar to expungement.

However, irrespective of the reason for the amendment, it is clear that under R.C. 2953.31 and 2953.32(C), prior to the 1984 amendment, a conviction for violating R.C. 4511.19 barred expungement of the record of a conviction for another criminal offense. Accordingly, we affirm the decision of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and RESNICK, JJ., concur.