[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 165.]

THE STATE OF OHIO, APPELLEE, *v.* SANDLIN, APPELLANT.

[Cite as *State v. Sandlin*, 1999-Ohio-147.]

*Criminal law—Sealing of record of conviction—R.C. 2953.31 and 2953.32 bar the sealing or expungement of the record of any other conviction when a person has been convicted of a violation of R.C. 4511.19.*

R.C. 2953.31 and 2953.32 bar the sealing or expungement of the record of any other conviction when a person has been convicted of a violation of R.C. 4511.19, regardless of whether the R.C. 4511.19 conviction and the other conviction resulted from the same act.

(No. 98-1342—Submitted May 18, 1999—Decided July 28, 1999.)

CERTIFIED by the Court of Appeals for Clermont County, No. CA97-10-092.

————————————

{¶ 1} On May 14, 1992, appellant, David H. Sandlin, was indicted for one count of aggravated vehicular assault, a violation of R.C. 2903.08, one count of operating a motor vehicle under the influence of alcohol ("DUI"), a violation of R.C. 4511.19(A)(1), and one count of operating a motor vehicle with a blood-alcohol concentration greater than .10 percent, a violation of R.C. 4511.19(A)(2). All charges arose from the same incident, an automobile accident on April 27, 1992, in Clermont County, Ohio. Appellant drove his vehicle left of center and struck another individual's vehicle, injuring the second individual. After the accident, a test of appellant's blood yielded a blood-alcohol content of .28 percent.

{¶ 2} On June 30, 1992, appellant pled guilty to one count of aggravated vehicular assault and one count of driving with a blood-alcohol concentration greater than .10 percent. On July 1, 1992, the trial court found appellant guilty of the two charges and on August 5, 1992, appellant was sentenced to jail time and ordered to pay a fine. On August 14, 1992, the court suspended appellant's jail

sentence and placed appellant on three to five years' probation. On May 27, 1994, the court terminated appellant's probation.

**{¶ 3}** On August 22, 1997, appellant filed in the trial court a motion to seal the record of his aggravated vehicular assault conviction. Appellee, state of Ohio, opposed the motion, asserting that appellant was not a "first offender" for purposes of R.C. 2953.32, and thus the trial court could not seal appellant's record. On October 6, 1997, the trial court denied appellant's motion. The court of appeals affirmed the decision of the trial court, holding that appellant did not meet the definition of "first offender" because his DUI conviction must be considered a previous or subsequent conviction. The court of appeals, finding its judgment in conflict with that of the Court of Appeals for the Fourth District in *State v. McGinnis* (1993), 90 Ohio App.3d 479, 629 N.E.2d 1084, entered an order certifying a conflict, and we determined that a conflict existed.

_____

*Donald W. White*, Clermont County Prosecuting Attorney, and *David Henry Hoffmann*, Assistant Prosecuting Attorney, for appellee.

*Kelly & Wallace Co., L.P.A., Michael P. Kelly* and *Timothy J. Kelly*, for appellant.

_____

**ALICE ROBIE RESNICK, J.**

**{¶ 4}** The issue certified in this case is "whether a conviction for violation of R.C. 4511.19 which 'shall be considered a previous or subsequent conviction' pursuant to R.C. 2953.31(A), precludes a defendant from satisfying the statutory definition of a 'first offender' contained in R.C. 2953.31(A) even if the conviction

sought to be expunged resulted from or was connected with the R.C. 4511.19 violation."[1]

{¶ 5} A court may order all official records pertaining to a criminal conviction sealed (or expunged) if the offender is a "first offender" and meets certain other criteria not pertinent to this appeal. R.C. 2953.32(C)(2). R.C. 2953.31(A) defines "first offender" as:

"[A]nyone who has been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction.

"For purposes of, and except as otherwise provided in, this division, a conviction for a minor misdemeanor, a conviction for a violation of any section in Chapter 4511., 4513., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section in those chapters, is not a previous or subsequent conviction. A conviction for a violation of section 4511.19, 4511.192, 4511.251, 4549.02, 4549.021, 4549.03, 4549.042, or 4549.07, or sections 4549.41 to 4549.46 of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any of those sections, shall be considered a previous or subsequent conviction."

{¶ 6} Appellant has not requested the sealing of the records pertaining to his conviction for DUI. As to a violation of R.C. 4511.19, the records of the conviction cannot be sealed. R.C. 2953.36. Instead, appellant requests that the

---

1. *State v. McGinnis* (1993), 90 Ohio App.3d 479, 629 N.E.2d 1084, the case with which the court of appeals certified the conflict, dealt only with the issue of whether two offenses resulting from two acts separated by time but occurring on the same day were "connected with the same act." The Fourth District Court of Appeals in *McGinnis*, for whatever reason, did not address the issue presented by the case *sub judice*. Thus, the two judgments are not truly in conflict. However, we choose to address the merits raised by the case *sub judice*, since it is one that may recur in the future and is of great general interest.

records pertaining to the conviction of aggravated vehicular assault be expunged,[2] asserting that because both convictions resulted from the same act, they must be counted as one conviction and therefore he has no other convictions and is a first offender.

{¶ 7} However, a conviction for a violation of R.C. 4511.19, *inter alia*, must be considered to be a previous or subsequent conviction. R.C. 2953.31(A). Accordingly, when a person is convicted for DUI, he or she will have "previously or subsequently * * * been convicted of the same or a different offense" and cannot meet the definition of a "first offender" under R.C. 2953.31(A). Thus, a conviction of DUI always bars expungement of the record of a conviction for another criminal offense. We fail to see the reason for a distinction between cases in which the two convictions result from the same act and cases in which the two convictions result from separate acts, as long as one of the convictions is for DUI.

{¶ 8} This interpretation of R.C. 2953.31 is consistent with the General Assembly's intent as expressed through the expungement statutes. Prior to 1984, R.C. 2953.31 defined "first offender" as "anyone who had not been convicted of *any* offense, which must be construed to include traffic violations and drunk driving." (Emphasis *sic*.) State *v. Yackley* (1989), 43 Ohio St.3d 181, 182, 539 N.E.2d 1118, 1119. Thus, a relatively minor conviction (such as speeding) could act as a bar to expungement of another conviction. *Id.* When the General Assembly amended the statute, it exempted minor traffic offenses from acting as such a bar, but it specified that a conviction under R.C. 4511.19 would continue to bar a conviction under another offense. 140 Ohio Laws, Part I, 2382, 2383.

{¶ 9} The exemption found in R.C. 2953.31(A) and the specific bar to expungement of any convictions of DUI contained in R.C. 2953.36 show how seriously the General Assembly considers the offense of driving while under the

---

2. Aggravated vehicular assault is an expungeable offense. R.C. 2953.36.

influence of alcohol. In this light, we must hold that R.C. 2953.31 and 2953.32 bar the sealing or expungement of the record of any other conviction when a person has been convicted of a violation of R.C. 4511.19, regardless of whether the R.C. 4511.19 conviction and the other conviction resulted from the same act.

{¶ 10} In accordance with the foregoing, we answer the certified issue in the affirmative and affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____